## UNITED STATES v. ANDREWS.
### No. 93.

Circuit Court of Appeals, Tenth Circuit.
Sept. 8, 1930.

W. C. Pickett, of Washington, D. C. (Ralph L. Carr, U. S. Atty., of Antonito, Colo., John G. Reid, Asst. U. S. Atty., of Hugo, Colo., William Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, James T. Brady, and Lawrence A. Lawlor, all of Washington, D. C., and Richard A. Toomey, of Denver, Colo., on the brief), for the United States.

Kenaz Huffman, of Denver, Colo. (Frank E. Gove, Luke J. Kavanaugh, and Sherman A. Sutliff, all of Denver, Colo., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

This is an appeal from a recovery by appellee of the total insurance in a suit on a war risk term policy for $10,000, effective against death and permanent total disability. The cause was tried to a jury, and the verdict was in his favor. Certain undisputed facts were shown by the pleadings and the evidence, and we first advert to them.

Appellee enlisted in the World War on April 6, 1917, and was honorably discharged on March 25, 1919. The term policy was issued to him on two applications for $5,000 each, made on October 17, 1917, and February 1, 1918, and the premiums thereon were paid to November 1, 1919, when it lapsed. In an engagement at Chateau Thierry, in July, 1918, he sustained a fractured arm which has required numerous amputations, and he was severely "gassed," from which bronchial asthma and other afflictions developed. On May 1, 1920, he applied for reinstatement and the conversion of $2,000 of the insurance, and a twenty-year converted policy was issued to him. This latter policy having lapsed for nonpayment of premiums on March 1, 1922, and March 23, 1923, he obtained reinstatements on his representation he was not then permanently and totally disabled. Later, on December 1, 1923, the converted policy was discharged by payment to plaintiff of $89.44, the cash surrender value thereof.

In his petition the plaintiff declared on the term policy and claimed the insurance because of the alleged maturity of the policy by virtue of his permanent total disability while it was in force. In the answer such disability was denied, and it was claimed that the converted policy released the obligation, that the representations on which it was reinstated estopped him to recover, and, further, that the converted policy was discharged by the payment of its cash surrender value. By his reply the plaintiff claimed a permanent total disability since July, 1918, denied recollection of the representations, attributing them to misunderstanding, mistake, and illness, and asserted that the defendant did not rely on the representations, or, if it did, it was due to the incompetency and negligence of its agents, and that it worked no estoppel. In addition, he tendered back the surrender money received on the converted policy.

At the trial, there was sufficient evidence to sustain a finding that the plaintiff was permanently and totally disabled while the original term policy was in force. The trial judge charged the jury that to justify a recovery the plaintiff was bound to establish such disability up to the date the premiums ceased to be paid. With regard to the representations, the jury was instructed that, if the plaintiff made them falsely and the government was not aware of his actual condition and was misled and acted thereon, he was estopped to deny the representations and could not recover, but, if he made them honestly and in the belief they were true, they would not prevent his recovery.

We are not impressed by the contention that the original policy was extinguished except pro tanto by the converted policy for $2,000. There was no evidence of such an agreement, and we find no sanction for it in the statutes. We take the same view as was expressed in United States v. Buzard (C. C. A.) 33 F.(2d) 883, and therefore hold that, in any event there was no discharge of $8,000 of the term policy by the issuance of the converted policy. The plaintiff established at the trial such disability as entitled him to recover on the basis of insurance to that extent as a matured liability of the government.

The discussion of counsel has centered about the converted policy. It is urged both that the appellee was estopped by his representations, and that the judgment should be reversed, in order to allow a prior disposition of the equitable issue upon that policy. The courts are not in harmony as to the regularity of trying such an issue in an action at law. This court has ruled it may be done where the cause has been transferred to the equity side of the docket. United States v. Golden (C. C. A.) 34 F.(2d) 367. In the present case, the whole controversy was tried in the law action.

■ Section 307 of the World War Veterans' Act of 1924 was amended on July 3, 1930 (section 24), 38 USCA § 518, as follows:

"All contracts or policies of insurance heretofore or hereafter issued, reinstated, or converted shall be incontestable from the date of issuance, reinstatement, or conversion, except for fraud, nonpayment of premiums, or on the ground that the applicant was not a member of the military or naval forces of the United States, and subject to the provisions of section 23; Provided, That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the bureau or to bring suit under section 19 of this Act on any prior contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the prior contract or policy: Provided, further, That this section shall be deemed to be effective as of April 6, 1917, and applicable from that date to all contracts or policies of insurance."

This amendment clearly entitles the assured to recover on a term policy by a showing while it is in force of permanent total disability, upon surrender of a converted policy. The appellee has established such disability. He cannot literally meet the condition of surrendering the converted policy, because it has been previously surrendered. It is the opinion of the writer hereof that he has offered an equivalent by returning the cash value of that policy paid to him, which represents the entire outlay of the government, and he is entitled to recover on the basis of a total term insurance of $10,000. The dominant purpose of the statute seems to the writer to be to allow such recovery, without prejudice from having mistakenly accepted a converted policy and enjoyed its benefits, whether in the way of insurance or payment of its surrender value.

■ But the amendment is construed differently by a majority of the court. They hold that appellee is entitled to recover upon his term policy only on the basis of $8,000 insurance. This is on the ground he cannot now surrender the converted policy since he has enjoyed the benefits of the insurance under it, and it stands as a contract fully performed and executed by the government. These views of the case prevail and control the judgment of this court. The result is that in this case the judgment is held to be erroneous in awarding to appellee a recovery on the basis of insurance in excess of $8,000. It is also erroneous in allowing a recovery for future installments and in adding interest on the recovery. United States v. Worley, 281 U. S. 339, 50 S. Ct. 291, 74 L. Ed. 887; United States v. Jackson (C. C. A.) 34 F.(2d) 241. The judgment is therefore reversed and the cause is remanded to the District Court, with direction to enter a judgment in accordance with the foregoing decision.

Reversed.