## WATSON v. UNITED STATES.
### No. 229.

Circuit Court of Appeals, Tenth Circuit.
Dec. 2, 1930.

Kenaz Huffman, of Denver, Colo. (Frank E. Gove, Luke J. Kavanaugh, and Sherman A. Sutliff, all of Denver, Colo., on the brief), for appellant.

Lawrence A. Lawlor, of Washington, D. C., Ralph L. Carr, U. S. Atty., of Antonito, Colo., John G. Reid, Asst. U. S. Atty., of Hugo, Colo., William Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, and Bayless L. Guffy, Atty., U. S. Veterans' Bureau, both of Washington, D. C., and Richard A. Toomey, Atty., U. S. Veterans' Bureau, of Denver, Colo.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

Kent A. Watson brought this action to recover upon a policy of war risk term insurance. Watson alleged that while in the naval service of the United States he applied for and received a policy of war risk term insurance in the sum of $10,000; that he was discharged from service on July 23, 1920, and that he became totally and permanently disabled on that date. The Bureau of War Risk Insurance rated Watson as totally and permanently disabled from February, 1920, to November, 1921, and made payments to him under his term policy accordingly. On October 27, 1921, the United States Veterans' Bureau set aside such rating, canceled its award of insurance to Watson and directed that payments thereunder should cease. Thereupon Watson resumed payment of premiums on his policy of term insurance. Such policy lapsed for non-payment of the premium due on January 1, 1922. It was reinstated on March 2, 1922. It again lapsed for non-payment of the premium due on July 1, 1922.

In its answer, the United States denied that Watson was totally and permanently disabled; and alleged that because of the statements made by Watson in his application for reinstatement of his term policy, on March 2, 1922, and because of the reinstatement thereof he was estopped to claim total and permanent disability prior to March 2, 1922.

In his reply, to meet the defense of estoppel, Watson alleged that the reinstatement of such lapsed term policy was applied for and granted under a mistake of fact.

The trial court found the equitable issues in favor of the United States and directed the jury to return a verdict for the United States. Watson has appealed.

Since the trial below, Congress, by section 24 of the Act approved July 3, 1930 (section 518, Title 38, USCA), has provided:

"That section 307 of the World War Veterans' Act, 1924, as amended, be hereby amended * * * to read as follows:

"Sec. 307. All contracts or policies of insurance heretofore or hereafter issued, reinstated, or converted, shall be incontestable from the date of issuance, reinstatement, or conversion, except for fraud, non-payment of premiums, or on the ground that the applicant was not a member of the military or naval forces of the United States, and subject to the provisions of section 23; Provided, That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the bureau or to bring suit under section 19 of this Act on any prior contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the prior contract or policy; Provided, further, That this section shall be deemed to be effective as of April 6, 1917, and applicable from that date to all contracts or policies of insurance."

By this enactment, Congress has limited the defenses which the United States may interpose to an action on a contract of war risk term insurance, and has excluded the defense of estoppel based upon reinstatement or conversion of a war risk term policy.

It follows that if Watson became totally and permanently disabled while his term policy was in force, he is entitled to recover. If such disability accrued before reinstatement, he may surrender the reinstated policy and recover on the original policy. This is not to

be construed as a holding that the reinstatement of a policy of war risk term insurance creates a new contract and is not a continuation of the original contract.

The case of the United States v. Andrews (C. C. A. 10) 43 F.(2d) 80, relied upon by counsel for the United States, is clearly distinguishable. In that case, Andrews surrendered $2,000 of his original war risk term insurance and took a policy of United States life insurance in lieu thereof. Thereafter, he applied for and received the cash surrender value of such converted policy. By payment of such surrender value, the United States fully performed and discharged such converted policy. Since such converted policy had been discharged by performance, Andrews was unable to surrender it.

The judgment is reversed and the cause remanded with instructions to grant Watson a new trial.