## LONG v. UNITED STATES.
### No. 301.

Circuit Court of Appeals, Tenth Circuit.
Dec. 2, 1930.

Kenaz Huffman, of Denver, Colo. (Frank E. Gove, Luke J. Kavanaugh, and Sherman A. Sutliff, all of Denver, Colo., on the brief), for appellant.

Lawrence A. Lawlor, of Washington, D. C., Ralph L. Carr, U. S. Atty., of Antonito, Colo., John G. Reid, Asst. U. S. Atty., of Hugo, Colo., William Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, and Bayless L. Guffy, Atty., U. S. Veterans' Bureau, both of Washington, D. C., and Richard A. Toomey, Atty., U. S. Veterans' Bureau, of Denver, Colo.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

Frank Long, while in the military service of the United States, applied for and received a policy of war risk term insurance in the sum of $10,000. On April 25, 1919, he was discharged from service. On March 1, 1919, his insurance lapsed for non-payment of premium. Thereafter, it was reinstated for its full amount and was kept in force until July 1, 1926. On June 4, 1926, Long made application for the conversion of $2,000 of his term policy into a policy of United States government life insurance. Such application was approved effective July 1, 1926. He paid the premiums on such converted policy to and including December, 1927. He commenced this action on November 22, 1928, on his reinstated term policy. He alleged that he became totally and permanently disabled on February 1, 1924, and prayed judgment for the monthly installments under such term policy from that date.

In its answer, the United States admitted the original contract and its reinstatement. It set up the conversion by Long of his term policy into a policy of United States government life insurance for $2,000, and alleged that, because of such conversion, Long was barred and estopped from maintaining a suit on the reinstated term policy and from asserting that he was permanently and totally disabled prior to June 4, 1926. It also denied that Long was at any time totally and permanently disabled.

To meet the defense of estoppel, Long alleged in his reply that the converted policy was applied for and granted on account of a mutual mistake as to his physical condition.

The trial court found against Long on the equitable issues and instructed the jury to return a verdict for the United States. Such instruction of the court was predicated upon its ruling upon the equitable issues, and not upon a holding that there was insufficient evidence to warrant submission of the legal issue to the jury.

Under section 24 of the Act of July 3, 1930 (section 518, title 38, USCA), enacted since this case was tried below, Long is clearly entitled to maintain an action on the reinstated term policy, and, if he establishes total and permanent disability prior to July 1, 1926, to recover thereon upon surrender of the converted policy. Watson v. United States (C. C. A. 10) 45 F.(2d) 589; United

States v. Andrews (C. C. A. 10) 43 F. (2d) 80.

The judgment is reversed and the cause remanded with instructions to grant Long a new trial.