## UNITED STATES v. CROWELL.
### No. 8948.

Circuit Court of Appeals, Eighth Circuit.
March 11, 1931.

Bayless L. Guffy, Atty. U. S. Veterans' Bureau, of Washington, D. C. (Ross R. Mowry, U. S. Atty., of Newton, Iowa, Frank F. Wilson, Asst. U. S. Atty., of Mount Ayr, Iowa, and James T. Brady, Acting Gen. Counsel, U. S. Veterans' Bureau, of Washington, D. C., on the brief), for the United States.

George F. Anderson, of Kansas City, Mo., for appellee.

Before KENYON and BOOTH, Circuit Judges, and REEVES, District Judge.

476

REEVES, District Judge.

This is an action on a policy of war risk insurance. The appellee, who was plaintiff in the trial court, recovered judgment on $8,000 of his war risk policy, originally granted in the sum of $10,000, and the government has appealed.

■ Admittedly, the appellee was a soldier of the World War and was granted insurance in the sum of $10,000. He ceased to pay his premiums in April, 1919, and his policy unless revived became ineffective. He reinstated $2,000 of said insurance and is now carrying same as a valid contract with the government. This portion of his insurance is not involved in this controversy. He had a right to sue for the balance. Watson v. United States (C. C. A.) 45 F.(2d) 589.

Appellee alleged in his petition that at the time of his discharge from the military service on March 24, 1919, he was suffering from a compensable disability, and that the award made therefor by the government was not collected until after he became totally and permanently disabled. It is averred that the amount of such compensation was in excess of his premium obligations on the residue of his insurance, and that perforce section 305 of the World War Veterans' Act or section 516, title 38, United States Code (38 USCA § 516), said insurance should "not be considered as lapsed" while his compensation remained uncollected. He says that he became permanently and totally disabled on or about January 1, 1920, whereas his compensation was not paid to or received by him until in May, 1922. The maladies, with which appellee complains that he was afflicted, were thyroid, cardiac, nervous and digestive disorders, neurasthenia, and general weakness.

The defendant denied that plaintiff was entitled to recover, but admitted that he had been granted the policy of insurance sued on. There was a denial also that appellee was totally and permanently disabled on the 1st of January, 1920. It was affirmatively asserted that at a subsequent date, to wit, January 16, 1920, appellee in his application for reinstatement of $2,000 of his war risk insurance maintained his own capacity and ability, as otherwise such reinstatement could not have been effected. Moreover, the applicability of section 305 of the World War Veterans' Act or section 516, title 38 United States Code (38 USCA § 516), was challenged.

A jury was waived by stipulation of the parties, and the case was tried to the court. ■ There was evidence tending to support the finding of the trial judge that the ap-

pellee was totally and permanently disabled on and after January 1, 1920. Appellee was examined by a physician on June 2, 1920, and was found suffering with nervousness, a weak heart, and serious thyroid disorders. At that time the opinion was expressed by his physician that the appellee was not able to follow continuously any substantially gainful occupation and that his prognosis was not favorable.

He was examined by another physician on January 18, 1920, and at the time was found to be suffering from a "toxic condition due to thyroid trouble." The opinion was then expressed by the physician that "he was not in a fit condition * * * to follow continuously any substantially gainful occupation."

Testimony of other physicians who examined and treated him at approximately the same time was to similar effect. The appellee, testifying in his own behalf, said that, while in the military service in France during October, 1918, he was ill; was confined in the hospital and received a certificate of disability and a promise to be sent home. At the time of his discharge his physical condition "wasn't very good. I didn't feel like working * * * I was awarded compensation by the Bureau of War Risk Insurance at the rate of temporary total from the date of my discharge, from March 26, 1919, up to and including May 1st, and at the rate of 33⅓% from May 2, 1919."

Appellee was afflicted with heart trouble and sinking spells which "would just leave me limp and weak" during the entire period between his discharge from the Army and the trial of the case.

Although there was conflicting and contradictory evidence, the above and foregoing was sufficient to support the finding of the trial court to the effect that he became totally and permanently disabled on January 1, 1920. United States v. Meserve (C. C. A.) 44 F. (2d) 549; United States v. Rasar (C. C. A.) 45 F.(2d) 545.

The serious contention made by the government is that the court had no jurisdiction of the subject-matter and was without power to apply the provisions of said section 305 World War Veterans' Act (section 516, title 38, United States Code [38 USCA § 516]).

The case is governed in all respects by the opinion this day filed in case entitled United States of America, appellant, v. Laura P. Vance, Administratrix of the Estate of James D. Vance, deceased, and Nina Vance Winn, appellees, 48 F.(2d) 472. The same con-

tention is made in both cases, and the same principles of law are made applicable by the similarity of facts. Under such circumstances, the principles of law applied in the Vance Case, supra, are applicable and controlling in this case.

The judgment of the trial court is affirmed.