# UNITED STATES *v.* WORLEY, ADMINISTRATRIX, ET AL.

No. 548.   Argued March 4, 5, 1930.—Decided April 14, 1930.

*Mr. Claude R. Branch,* Special Assistant to the Attorney General, with whom *Messrs. J. Frank Staley* and *W. Clifton Stone* were on the brief, for the United States.

*Mr. Clarence T. Spier,* with whom *Mr. Charles Battelle* was on the brief, for Worley.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The deceased enlisted in the army April 2, 1917, and was discharged March 18, 1918.  He obtained insurance for $10,000 payable in the event of death or total permanent disability at the rate of $57.50 per month.  Act of October 6, 1917, 40 Stat. 398, 409.  The contract was in force when he was discharged.  He presented to the Veterans' Bureau a claim for permanent total disability from

that date. It was rejected December 29, 1926. He died January 7, 1927.

April 23, his mother as administratrix brought this action in the United States court for Nebraska to recover on account of his disability from the date of discharge to the time of his death. 38 U. S. C., § 445. July 6, she intervened as beneficiary to recover installments maturing after his death. There was a verdict on which, October 31, 1928, judgment was entered in her favor as administratrix for $6,095 and as beneficiary for $3,905. Later the District Court entered a supplemental judgment that as beneficiary she was then entitled to $1,265 on account of the installments falling due before the original judgment; that the balance, $2,640, should be paid at the rate of $57.50 per month commencing November 1, 1928; that she have interest on all installments from the dates on which they became due to the date of judgment and thereafter interest on the amount of the judgment, and that she recover costs. The United States appealed. The Circuit Court of Appeals certified the four questions which are given below. 28 U. S. C., § 346.

" 1. Upon the facts stated [in the certificate] does the United States, as matter of law, stand in the position of one who has gone into the business of insurance, and must, therefore, be assumed to have accepted the ordinary incidents of suits in such business? "

Apparently, this question was suggested by language in our decision in *Standard Oil Co.* v. *United States*, 267 U. S. 76, 79. While the answer sought might aid in the determination of the proper application of that opinion, it is not necessary for the decision of the case. The question is one of objectionable generality. *United States* v. *Mayer*, 235 U. S. 55, 66. It need not be answered.

" 2. May judgment be entered against the United States for the amounts of insurance installments maturing after the action was instituted? "

Undoubtedly, when one's right to recover is established by judgment, the Veterans' Bureau will pay him installments maturing in his favor after the commencement of the action. It therefore is a matter of no practical importance whether the installments maturing between date of intervention and entry of the judgment be included. But the certificate does not disclose any supplemental petition in respect of such installments, and the judgment should not include them. *Hamlin, Hale & Co.* v. *Race,* 78 Ill. 422. *Carter-Crume Co.* v. *Peurrung,* 99 Fed. 888, 890.

Section 514, Tit. 38, U. S. C.,* provides that if the designated beneficiary does not survive the insured or dies prior to receiving all of the 240 installments, or all such as are payable and applicable, the present value of the monthly installments thereafter payable shall be paid to the estate of the insured. A judgment for the designated beneficiary for all installments thereafter to mature would not protect the United States against a claim by the estate of the insured for any installments falling due after the death of the beneficiary. The judgment should not govern payment of installments later to mature.

The question should be answered in the negative.

" 3. Is interest allowable against the United States upon the monthly installments from the date they are found to be due? "

The rule is that the United States will not be required to pay interest except where the liability is imposed by statute or assumed by contract. An implied agreement to pay interest arises upon a taking by the United States of private property for public use where interest is an element in the just compensation guaranteed by the Constitution. *Seaboard Air Line Ry.* v. *United States,* 261

---

* § 303, Act of June 7, 1924, 43 Stat. 625 as amended by § 14, Act of March 4, 1925, 43 Stat. 1310.

U. S. 299, 304. Where the United States came into admiralty to assert a claim as owner *pro hac vice* of a vessel it thereby agreed by implication to accept whatever decision the courts might make, and was held liable for interest. *United States* v. *The Thekla,* 266 U. S. 328, 339–340. And see *The Nuestra Senora de Regla,* 108 U. S. 92, 104. *The Paquete Habana,* 189 U. S. 453, 465, 467.

Appellee relies on *Standard Oil Co.* v. *United States, supra,* a libel on war risk insurance policies issued upon an American vessel and its cargo under the War Risk Insurance Act of September 2, 1914, 38 Stat. 711. The United States was held liable for interest upon the ground that (p. 79): "When the United States went into the insurance business, issued policies in familiar form and provided that in case of disagreement it might be sued, it must be assumed to have accepted the ordinary incidents of suits in such business. The policies promised that claims would be paid within thirty days after complete proofs of interest and loss. . . ."

The Act authorized the Bureau to adopt and publish forms of policies and to establish reasonable rates. The policies adopted by the Bureau and used in that case contained a promise to pay losses within a specified time. Under that form of contract private underwriters are liable for interest when payment is not made as agreed. There was nothing in the statute to disclose an intention on the part of the United States to bear any part of the cost of the insurance or to give pecuniary aid to the owners of vessels or other property insured. And as a matter of fact a large profit resulted from the operation of the business. Annual Report of the Director of the U. S. Veterans' Bureau, 1923, p. 675.

On the other hand, the Act of October 6, 1917, discloses a purpose on the part of the United States to protect

those engaged in war service and their dependents and to contribute to their financial welfare. It provides for payment by the United States of family allowances in certain cases and of compensation for death or disability of officers, enlisted men and members of the army and navy nurse corps in active service resulting from injury or disease contracted in the line of duty. Arts. II and III.

And " in order to give to every commissioned officer and enlisted man and to every member of the Army Nurse Corps (female) and of the Navy Nurse Corps (female) when employed in active service under the War Department or Navy Department greater protection for themselves and their dependents than is provided in Article III " the United States provided life and disability insurance. Art. IV. Its benefits were extended without application therefor to those who were totally and permanently disabled or who died in active service after our entry into the war, April 6, 1917, and prior to the expiration of 120 days after the publication of the terms of the insurance. All such persons were deemed to have applied for and to have been granted insurance. § 401. The United States bore expenses of administration and excess mortality and disability cost resulting from the hazards of war. The insurance was limited to $10,000 and was made payable in 240 equal monthly installments; it was made not assignable nor subject to claims of creditors of the insured or of the beneficiary. The premiums were not adequate. The Congress intended that the United States should bear, and undoubtedly it has borne, a large part of the cost. Consequently the payments include both insurance and pension. *White* v. *United States*, 270 U. S. 175, 180.

The Act does not provide for the payment of any interest on past due installments. It has been uniformly construed by the Bureau not to allow any. There is noth-

ing in the conduct of the United States in respect of life and disability insurance from which an agreement on its part to pay interest may reasonably be implied.

This question is not within the principle upon which interest was allowed in *Standard Oil Co.* v. *United States, supra.* It should be answered in the negative.

" 4. May costs be awarded generally against the United States, upon condition that they be paid from accumulated funds in the hands of the Veterans' Bureau, if any, available for that purpose? "

The rule is that in the absence of a statute directly authorizing it courts will not give judgment against the United States for costs or expenses. *United States* v. *Chemical Foundation,* 272 U. S. 1, 20. There is no statute permitting costs to be awarded against the government in this case.

The question should be answered in the negative.

*Question 1 is not answered.*
*Question 2 is answered: No.*
*Question 3 is answered: No.*
*Question 4 is answered: No.*