**UNITED STATES v. SALMON et al.**

**No. 5724.**

Circuit Court of Appeals, Fifth Circuit.

July 12, 1930.

Rehearing Denied Aug. 6, 1930.

Lester G. Fant, U. S. Atty., of Holly Springs, Miss., and Wm. Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, Jas. T. Brady, Atty., U. S. Veterans' Bureau, and T. J. Williamson, Atty., U. S. Veterans' Bureau, all of Washington, D. C.

George C. Paine and Thos. Fite Paine, both of Aberdeen, Miss., for appellees.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

J. H. Salmon brought suit as administrator of Van Vleet Salmon to recover on a policy of war risk insurance for $10,000, issued to the decedent. The other heirs of Van Vleet Salmon and of his father, J. H. Salmon, who was beneficiary under the policy, were parties to the suit. Briefly stated, the pleadings allege that Van Vleet Salmon suffered total permanent disability caused by psychosis, due to an organic brain disease, while serving in the United States Navy, and for that reason he was honorably discharged on April 1, 1918. He did not thereafter return to his home in Pontotoc, Miss., and had not been heard of by any of his family or friends for over seven years when the suit was filed. A disagreement with the Veterans' Bureau and other facts necessary to vest jurisdiction were also alleged. The case was tried to a jury, and resulted in a verdict for plaintiffs upon which a judgment for $10,000, with interest at 4 per cent. per annum, was entered.

The policy provided for monthly payments of $57.50 to the insured in the event of his total permanent disability. The theory of plaintiffs' case was that the policy matured in favor of the insured by reason of his total permanent disability on the date of his discharge from service and that thereafter no premiums were due, that the policy matured in full upon his death, and that the presumption of death arose from his absence from home for over seven years, not having been heard of in the meantime. This found favor with the District Court, and evidently is not seriously disputed by defendant. At least, no exception was taken to the charge of the court.

Error is assigned to the overruling of a motion to direct a verdict at the close of the plaintiffs' case. However, the record discloses that defendant did not rest upon the overruling of the motion, but thereafter introduced new evidence. The motion was not renewed at the close of all the evidence. The exception taken was waived, and we are not at liberty to examine the evidence to determine the correctness of the verdict. Wilson v. Haley Live-Stock Co., 153 U. S. 39, 14 S. Ct. 768, 38 L. Ed. 627.

354

The District Court was in some doubt as to the proper procedure, and; after entering judgment, he made findings of fact and stated his conclusions of law, out of an abundance of caution. Error is assigned to this action of the court. We have heretofore held that the plaintiff is entitled to a jury in the trial of suits on policies of war-risk insurance. Hacker v. United States (C. C. A.) 16 F.(2d) 702. While the making of findings of facts was unnecessary, it could not possibly be prejudicial to either side, and error cannot be predicated thereon.

No question is raised as to the amount of the verdict, but error is assigned to the allowance of 4 per cent. interest on the judgment. The procedure in trials involving a policy of war-risk insurance is the same as that required in other suits against the United States by sections 5, 6, and 10 of the Tucker Act (28 USCA §§ 762, 763, 765), so far as section 10 may be applicable, and excluding section 2 (28 USCA § 41(20). 38 USCA § 445. Hacker v. United States, supra. Under the provisions of section 10 of the Tucker Act (28 USCA § 765), interest is provided for at the rate of 4 per cent. per annum from the date of final judgment. We entertain no doubt that this applies to suits on war-risk insurance policies. Otherwise there would be very little reason for making section 10 applicable at all. United States v. Cress, 243 U. S. 316, 37 S. Ct. 380, 61 L. Ed. 746.

Other errors are assigned, but, as they do not seem to be seriously urged, we need not discuss them except to say they are without merit.

The record presents no reversible error. Affirmed.

### On Application for Rehearing.

On application for a rehearing our attention has been called to the cases of United States v. Worley, 281 U. S. 339, 50 S. Ct. 291, 74 L. Ed. 887, and Jackson v. United States, 281 U. S. 344, 50 S. Ct. 294, 74 L. Ed. 891, which were decided after the case at bar was argued and submitted. As these decisions settle the question as to the allowance of interest and costs in suits on policies of war risk insurance issued to persons in the army and navy of the United States, contrary to our conclusions, it follows that our decision was wrong on this point. However, this does not necessarily require a reversal of the judgment. The verdict in this case was silent as to interest. It was allowed by the court in entering judgment. We have frequently held that judgments at law entered by the court without the intervention of the jury may be modified on appeal. This does not infringe the Seventh Amendment. Arkansas Cattle Co. v. Mann, 130 U. S. 69, 9 S. Ct. 458, 32 L. Ed. 854; Walker v. Gulf Ry. Co. (C. C. A.) 269 F. 885; Thorp v. National City Bank (C. C. A.) 274 F. 200; Southern Ry. Co. v. McKinney (C. C. A.) 276 F. 772; Bank of Waterproof v. Fidelity & Dep. Co. (C. C. A.) 299 F. 478.

The judgment appealed from will be modified and amended by striking out the allowance of interest and costs. In all other respects it will be affirmed.

The application for rehearing is denied.