## BASTROP STATE BANK & TRUST CO. et al. v. UNITED STATES.

## MONTGOMERY et al. v. SAME.

### Nos. 2086, 2271.

District Court, W. D. Louisiana, Monroe Division.

April 24, 1934.

Edward Gladney, Jr., of Bastrop, La., for plaintiffs.

Philip H. Mecom, U. S. Atty., of Shreveport, La., for the United States.

DAWKINS, District Judge.

Plaintiffs in the above cases were awarded recoveries upon war risk insurance claims, checks for the amounts of the judgments have been sent to the clerk, with instructions for delivery after payment of costs and entry of satisfaction upon the records. Cost bills were prepared by the clerk, whereupon plaintiffs refused to pay certain items thereon and filed motions to have them taxed. The cases have been consolidated for the purpose of disposing of these matters and submitted upon a stipulation wherein it is agreed that they shall be decided "on the pleadings as filed herein, subject to the following stipulations of facts * * *" and the allega-

tions of the motions "other than the alleged illegality of the attorney's fees" are to be taken as true, except as to certain items on the cost bills, as to which specific facts were agreed to in each case.

In the first numbered cause the clerk rendered a cost bill as follows:

Stenographer's Fees............. $ 36.00
U. S. Attorney's Fees............ $ 20.00
R. T. Russ, Court Reporter, paid
  by U. S. Marshal.............. $ 44.75
Chas. L. McKenzie, witness fees.. $ 40.70
Paul J. Fahner, witness fees...... $ 40.70
A. F. Newman, Notary Public.... $  7.00
                                 ─────────
                                 $189.15

The items assailed as improperly assessed against the plaintiff, are:

(1) United States Attorney's Fees.. $20.00
(2) R. T. Russ, Court Reporter, paid
      by U. S. Marshal............ $44.75
(3) Charles L. McKenzie, witness
      fees ...................... $40.70
(4) Paul J. Fahner, Witness Fees.. $40.70

As to the fee of the district attorney, only a question of law is involved as to whether it is chargeable against a plaintiff suing the government who wins his case.

The court reporter's fee was paid for a special transcription of the note of evidence made at the request of defendant without the consent of plaintiff. There is no objection to the regular fee of the court reporter.

As to items 3 and 4, covering fees paid witnesses summoned by the government, the stipulation recites:

"(b) That the two items of $40.70 respectively paid to McKenzie and Fahner cover witness fees paid by the Marshal to said witnesses for their attendance at Monroe in April, 1932, at which time the case was crowded off the Docket and not tried until October, 1932; that these witnesses were summoned by the defendant without first obtaining an order of Court, from Houston, Texas, outside of the District and more than one hundred miles distant from place of trial; that the record shows that the depositions of said witnesses had been taken at the instance of plaintiff and interrogated by defendant at Houston, Texas, on April 14, 1932, which depositions were used in the trial of said cause, and said witnesses were not subpoenaed or present at the trial."

In the second case, No. 2271, the clerk also presented a cost bill, as follows:

U. S. Clerk's costs............... $ 19.40
U. S. Marshal's Fees and Costs.... $ 14.30
U. S. Attorney's Fees............ $ 20.00
Stenographer's  Fees............. $ 66.00
Stenographer's  Fees............. $ 10.32
J. C. Pratt, Witness Fees........ $ 34.50
T. D. Sawyer, Witness Fees...... $ 34.50
B. J. Brazzel, Witness Fees...... $ 34.50
M. D. Charles, Witness Fees....... $ 34.50
J. W. Milam, Witness Fees...... $ 35.80
                                 ─────────
    Total costs due.............. $303.82.

The charges assailed on this statement are as follows:

(1) U. S. Attorney's Fees.......... $20.00
(2) Stenographer's Fee............ $10.32
(3) J. W. Milam, Witness Fees.... $35.80

As stated above with respect to the attorney's fees, the issue is one of law as to whether the successful plaintiff must pay the government such a fee.

The stipulation recites as to the other two items on this bill, as follows:

"(c) That the item of $10.32 stenographer's fees covered a charge made by the Court Reporter for taking the Note of Evidence by arrangement with the defendant at a flat rate of $2.50 per hour, which is a charge in addition to the regular fees allowed stenographers as legal charges. That said arrangement was made without the knowledge of plaintiff.

"(d) The item of $35.80 covers witness fees paid to J. W. Milam, a witness subpoenaed by defendant from New Orleans, Louisiana, outside of the District and more than one hundred miles from the place where this cause was tried, without an order of Court first obtained; that said witness responded to said subpoena but was not called to the witness stand."

It is the general rule that in civil cases the successful party recovers his costs of his adversary against whom all other taxable costs are assessed, unless for some sufficient reason the court decides to apportion or tax them differently. No costs are recoverable, however, against the government, even though it consents to be sued, unless specifically permitted by the statute. Otherwise, it is subject to the same rules as a private litigant. Ordinarily, between private litigants, the plaintiff is primarily responsible for the costs taxable in favor of the court's officers whose services he invokes, to be recovered, if he is successful, as a part of the judgment. Such costs as the defendant is

compelled to incur otherwise, such as witness fees, are likewise paid by him, and, if he wins, they are recoverable against the plaintiff, unless, as above stated, the court for sufficient reason determines otherwise. Since the government cannot be held for costs, a plaintiff suing it must pay those which are necessary in prosecuting his case to judgment. See U. S. v. Chemical Foundation, 272 U. S. 1, 20, 47 S. Ct. 1, 71 L. Ed. 131; U. S. v. Worley, 281 U. S. 339, 50 S. Ct. 291, 74 L. Ed. 887. But this does not mean, in my opinion, that the government can compel him to pay the costs which it has incurred and paid in defending itself. It has the right to exact the services of its own officers without compensation, practically all of whom are paid salaries, and any sums awarded for their fees would simply enrich the Treasury to that extent. It is, my view that section 571 of the U. S. C. title 28 (28 USCA § 571), allowing a fee to attorneys, which seems to apply to all litigants in the federal court, contemplates a successful outcome in favor of the party who claims it, and that the government is no more entitled to such a fee where it loses than any one else.

■ In the first numbered case above, the item of $44.75, paid to R. T. Russ, as court reporter, was done for the convenience of defendant and its counsel without the consent of the plaintiff and was not a necessary part of the costs to be incurred by the latter in the prosecution of his case. I cannot see that, because the government is the defendant, this gives its counsel and other agents carte blanche to incur and impose upon the plaintiff any expenditures which they may desire.

■ The two items of $40.70 each were paid as fees to witnesses for the government, who were summoned from a distance of more than one hundred miles without an order from the court as required by the statute applicable to cases of this nature, and for this reason, if no other, cannot be taxed against the plaintiff, especially since the record shows that the testimony of these witnesses had been taken by commission at the instance of plaintiff and they were cross-examined by counsel for the government before the expense was incurred.

As to the second case, No. 2271, what has been said about the attorney's fee above applies equally here. The circumstances are also identical with respect to the fees paid to the stenographer of $10.32, and for the same reasons as given above, this item and the fee paid to J. W. Milam cannot be allowed.

■ It seems to have been assumed by the representatives of the veterans' bureau that in these cases costs may be incurred at their discretion, appeals taken, etc., all at the expense of the veteran if he ultimately wins his case, and that all such expenditures can be deducted from the sum awarded to him. I think this is an erroneous view, and that, generally speaking, those costs incurred and paid out which are not a necessary incident to the trial and determination of the plaintiff's right in the first instance, or incurred by him on appeal if he is the appellant, cannot be recovered or deducted when final judgment is rendered in his favor. As above stated, the government has the right to require the services of its own officers without payment of costs.

The items complained of will, therefore, be stricken from the cost bill and the clerk ordered to deliver the checks after the payment of all other costs.

Proper decrees should be presented.