**MUTUAL LIFE INS. CO. OF NEW YORK v. TREADWELL.**

**PENN MUT. LIFE INS. CO. OF PHILA- DELPHIA v. SAME.**

Nos. 7670, 7661.

Circuit Court of Appeals, Fifth Circuit.

Aug. 29, 1935.

As Amended on Denial of Rehearing Nov. 2, 1935.

Richard B. Montgomery, Jr., of New Orleans, La., Harold W. Hill, of Alexandria, La., and Frederick L. Allen, of New York City, for appellant Mutual Life Ins. Co. of New York.

Nicholas Callan, of New Orleans, La., for appellant Penn Mut. Life Ins. Co. of Philadelphia.

John R. Hunter and John H. McSween, of Alexandria, La., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, David R. Treadwell, brought a suit against Mutual Life Insurance Company of New York, and another against Penn Mutual Life Insurance Company of Philadelphia, to recover disability payments under policies issued to him by said companies. The suits were consolidated for trial in the District Court and on appeal may be disposed of by one opinion.

The material provisions of the policies are practically identical. They provided for payment of compensation for disability resulting from conditions which render it

reasonably certain that such disability would continue during the remaining lifetime of the insured and for waiver of premiums during disability. Loss of the use of one hand and one foot constituted total and permanent disability under a provision of the policies. Disability resulting from self-inflicted injury was excepted. Under the Mutual Life policies payments together were $250 per month, for 60 consecutive months, increasing to $375 per month for another 60 consecutive months, and then to $500, until the death of the insured. Under the Penn Mutual policy the payments were $25 per month until the death of the insured. There were provisions for the redetermination of the disability yearly and the cessation of payments if the disability ceased. Other provisions of the policies are not material.

In substance, the petitions alleged: That defendants issued the policies to plaintiff; that payment of certain premiums had been made after disability had been incurred; that on October 11, 1930, while the insured was traveling on the highway in an automobile, he was suddenly attacked by two masked highwaymen for the purpose of robbing him; that the highwaymen fired at him twice with shotguns loaded with buckshot, the first of which shots entered his left arm and hand, in the region of the wrist, and the second penetrated his left foot; that as a result of the injuries so received he suffered the entire and irrecoverable loss of his left hand and foot, resulting in immediate total and permanent disability; and that it was reasonably certain that such disability would continue during his remaining lifetime. The prayers were for the recovery of disability payments under the provisions of the policies, for return of the premiums paid after disability, and for penalties and attorney's fees under the Louisiana statute (Act La. No. 310 of 1910, § 3).

The insurance companies defended on the grounds that petitioner had not suffered total and permanent injury and that his wounds were self-inflicted.

The jury was waived in writing and the case submitted to the judge on evidence, taken in open court, which was in conflict. The judge did not make any special findings of fact, but entered judgments in the nature of general verdicts, allowing recovery of monthly payments, under the terms of the policies, for the term of the life of the insured, and of the premiums paid but denying penalties and attorney's fees. These appeals followed.

Error is assigned to the action of the court denying motions for judgments in favor of defendants.

Since the District Court heard all the evidence and entered judgment without making special findings of fact, the result is the same as if general verdicts of a jury had been rendered. In considering the motion for judgment, it is not our province to resolve the conflict in the evidence, determine its probative force, or pass upon the credibility of the witnesses. We are restricted to an inquiry as to whether there was any substantial evidence before the court that would support the judgment. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478; Fleischmann Const. Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

We will not attempt to extensively review the evidence. The evidence establishes with reasonable certainty that plaintiff's injury is total and permanent within the terms of the policies. Plaintiff testified as to the attack substantially as alleged in the petitions and was corroborated to some extent by other evidence in the record. The evidence tending to show that the wounds were self inflicted did not compel a different conclusion. Considering the whole evidence, we cannot say there was not substantial evidence before the judge to support the judgment.

Error is also assigned to the action of the court in fixing the liability of defendants under the policies for the entire life of the insured. As to this it is contended that judgments could not be entered for more than the instalments actually due. This contention seems to be technically correct, though the judgment will doubtless settle the liability for all future instalments. See United States v. Worley, 281 U. S. 339, 50 S. Ct. 291, 74 L. Ed. 887; Mobley v. New York Life Ins. Co. (C. C. A.) 74 F.(2d) 588, affirmed 55 S. Ct. 876, 79 L. Ed. 1621. The judgments will accordingly be modified by restricting them to a recovery of the instalments past due at the filing of the suits, with interest.

While other assignments hardly require it, we may briefly discuss them.

Error is assigned to the admission of the testimony of four doctors as experts on

ballistics and gunshot wounds. It is well settled that the qualification of experts is a matter entirely for the trial court.

 Error is assigned to the admission of the testimony of three witnesses to the effect that the reputation of plaintiff for veracity and honesty was good. The defense asserted in pleading and on the trial was that he had maimed himself intentionally to get money from the insurance companies; and since he was swearing that he was wounded by highwaymen, the necessary implication was that he was both a cheat and a perjurer. Evidence had also been offered by the defendant and admitted which tended to show that he had been guilty of serious criminal offenses not connected with the insurance. The challenged evidence was thereupon offered and received. In a civil case the character of a party who is not a witness is generally irrelevant, and evidence may not be received touching it unless the nature of the issue directly involves it. Thompson v. Bowie, 4 Wall. 463, 18 L. Ed. 423; Gould v. Bebee, 134 La. 123, 63 So. 848. On the question whether charging a party with a fraud puts his character in issue, the authorities differ. To rebut such a charge made by an insurer against an insured, proof of the latter's good character was received in German-American Life Association v. Farley, 102 Ga. 720, 29 S. E. 615, and the ruling was reaffirmed in Wimberley v. Toney, 175 Ga. 416, 165 S. E. 257. The Vermont court having in Wright v. McKee, 37 Vt. 161, asserted the general rule excluding such evidence, admitted it in Mosley v. Vermont Mutual Fire Co., 55 Vt. 142, saying: "That evidence [for the insurance company] tended to show not only that the plaintiff burned the building in which the insured goods were situate, but that he was guilty of perjury in making out his sworn statement of loss; and it was to meet and counteract the effect of that evidence that the evidence as to character was allowed." In Texas it is held that evidence of good character may be used only when the charge amounts to a crime. Grant v. Pendley (Tex. Com. App.) 39 S.W.(2d) 596, 78 A. L. R. 638. A majority of the American courts, as shown in the note to the case last cited in 78 A. L. R. 638, because of the weakness of the inference from previous good character, or because of the difficulty in arriving at the true character, or for administrative reasons, reject evidence of such character to rebut a charge of fraud. Where the alleged act of depravity is not directly proven but circumstances are, as here, relied on to prove it, the satisfactory establishment of a character inconsistent with such an act seems to us to afford an additional circumstance having as much probative value in a civil as in a criminal case. When light is badly needed, the courts should not shut out what light may be had because it is not of the most certain and direct or the most easily obtained sort. In a case so extraordinary as this, a discretion may be accorded the trial court to hear evidence to answer the question that occurs to every normal mind: What manner of man is this? But in this case the party was also a witness, the only eyewitness of the occurrence, and his credibility was sought to be weakened by proof of collateral criminal conduct.` Perhaps this evidence would on objection have been ruled out as not in form either proof of general bad character or of actual conviction of crime, but instead of objecting on that ground Treadwell accepted the challenge touching his character and sought to uphold it by the testimony of citizens of his community. The effort to impeach by proof of specific criminal acts rendered testimony of good character admissible just as though proof of general bad character had been offered. Central R. & Banking Co. v. Dodd, 83 Ga. 507, 10 S. E. 206. No error was committed in admitting it.

 Error is assigned to the admission of testimony of three witnesses tending to show statements made by Treadwell very soon after he was injured to the effect that he was held up by two masked men and shot. This was clearly part of the res gestæ and admissible. Cf. Halleck v. Hartford Accident & Indemnity Co. (C. C. A.) 75 F.(2d) 800, 803.

 Defendants moved for a new trial and in support of the motion offered affidavits of Steve Edwards, who had appeared as a witness, to the effect that he had falsely testified as to the finding of a shotgun shell at the scene of the shooting, because of a promise made by Treadwell to take care of him. The testimony given by Edwards on the trial of the case was largely cumulative and of little importance, considering the other evidence before the court. It is elementary that the granting or refusing of a new trial is within the sound discretion of the trial court. We find no abuse of discretion in this case.

490

Other assignments are without merit. The judgment in each case is modified as stated and affirmed.

BRYAN, Circuit Judge, participated in the hearing and decision of this cause, but died before the opinion was prepared and filed.