### ZORGER v. PRUDENTIAL INS. CO. OF AMERICA.

No. 44127.

District Court, N. D. Illinois, E. D.

Jan. 8, 1936.

A. W. & Edward H. S. Martin, of Chicago, Ill., for plaintiff.

Hoyne, O'Connor & Rubinkam, of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

February 25, 1935, plaintiff filed his motion, supported by affidavits, asking for summary judgment.

June 29, 1935, defendant filed its affidavit of merits, signed and sworn to by a duly authorized agent.

The action is for total and permanent disability benefits, claimed to be due under life insurance policy No. 6145511, issued by defendant company, March 6, 1928, the disability period beginning March 23, 1932, and continuing up to and including the month of October, 1934. The suit was originally filed in the superior court of Cook county on November 17, 1934, and removed to this court on December 13, 1934.

Plaintiff predicates his motion for summary judgment upon the fact that in November, 1934, in a prior action on the same policy (cause No. 553832) in the superior court of Cook county, Ill., judgment was entered in his behalf, and against this defendant, for the sum of $3,200, representing the monthly installments due on the policy from March 3, 1930, up to February, 1932.

Defendant appealed this case to the Appellate Court for the First District of Illinois.

November 20, 1935, the Appellate Court affirmed the judgment of the Cook county superior court. 282 Ill.App. 444.

In the case of Mutual Life Ins. Co. of New York et al. v. Treadwell (C.C.A.) 79 F.(2d) 487, 488, the court said: "Error is also assigned to the action of the court in fixing the liability of defendants under the policies for the entire life of the insured. As to this it is contended that judgments could not be entered for more than the instalments actually due. This contention seems to be technically correct, though the judgment will doubtless settle the liability for all future instalments."

In United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 292, 74 L.Ed. 887, Mr. Justice Butler, speaking for the court, said: "Undoubtedly, when one's right to recover is established by judgment, the Veterans' Bureau will pay him instalments maturing

540

in his favor after the commencement of the action."

Judgment may be entered for plaintiff in the sum of $3,612.44, together with plaintiff's costs of suit.