LOCKE v. UNITED STATES.

No. 58.

District Court, W. D. Michigan, S. D.

Oct. 18, 1940.

Linsey, Shivel, Phelps & Vander Wal, of Grand Rapids, Mich., for plaintiff.

Joseph F. Deeb, U. S. Atty., of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

This matter is before the court upon motion of plaintiff to amend the judgment of July 22, 1940, by striking the provision granting taxable costs to defendant. The substantial ground of the motion is that it is inequitable that costs should be paid to defendant.

Prior to the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the right of the United States, when it was the prevailing party in a law action, to recover costs was well established, even though costs could not be recovered against the United States in the reverse situation. See Kittredge v. Race et al., 92 U.S. 116, 23 L.Ed. 488; United States v. Verdier, 164 U.S. 213, 17 S.Ct. 42, 41 L.Ed. 407; Pine River Logging Co. v. United States, 186 U.S. 279, 22 S.Ct. 920, 46 L.Ed. 1164; Grant Bros. Const. Co. v. United States, 232 U.S. 647, 34 S.Ct. 452, 58 L.Ed. 776; In re Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919; United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887; United States v. Minneapolis, St. P. & S. S. M. Ry. Co., D.C., 235 F. 951; 14 Am.Jur., Costs, sec. 33.

This principle has been modified by the provisions of Rule 54(d) of the Rules of Civil Procedure, which authorizes the court to direct to the contrary. Such a direction should be made, however, only in those cases where there are equitable considerations sufficiently strong to overcome the general rule. Careful consideration of the record in the present case convinces the court that such equitable considerations on behalf of plaintiff are not present here. An order will be entered denying the motion.