Littleton, Judge,
delivered the opinion of the court:
We are of opinion that plaintiff is not entitled under the provisions of the Act of February 12, 1929, to recover interest on interest. This act (45 Stat. 1164), entitled “An Act To authorize the payment of interest on certain funds held in trust by the United States for Indian tribes,” provides as follows:
That all money in excess of $500 held by the United States in a trust fund account, and carried on the *162 books of the Treasury Department to the credit of an Indian tribe, if the payment of interest thereon is not otherwise authorized by law, shall bear simple interest at the rate of 4 per centum per annum from the date of the passage of this Act. The amount held in any such trust fund account, which in the judgment of the Secretary of the Interior may not be required for payment in accordance with law, shall be covered into the surplus fund of the Treasury; but so much thereof as may be necessary for making any such payment may, at any time thereafter, be restored to such account without reappropriation by Congress.
It is well settled that the United States cannot be charged with interest except where liability therefor is clearly imposed by the statute or assumed by contract. United States v. North Carolina, 136 U. S. 211; Cherokee Nation v. United States, 270 U. S. 476; United States v. Worley, Administratrix, et al., 281 U. S. 339; The Ute Indians v. United Slates, 45 C. Cls. 440, 470. In Cherokee Nation v. United States, sufra, the court said, at pp. 490, 491:
In view of the care with which Congress and- this Court in interpretation of the legislative will, have limited the collection of simple interest against the Government, a'fortiori must compound interest be denied to appellant unless provision therefor is made in the contract of 1891, or in the statute of 1919 authorizing this suit, and it is to be found in neither.
The cases cited make it clear that a statute consenting to payment of interest refers to simple interest only, and any obligation to pay compound interest cannot be implied from general words, but must be based upon clear and unequivocal language leaving no doubt as to the intention of Congress to depart from the general rule so announced as to the right to charge and collect interest from the Government. The Act of February 12, 1929, expressly provided for only “simple interest” upon money held in trust fund accounts, and this language may not be interpreted as intending to obligate the United States to pay interest upon interest previously credited upon other interest-bearing funds or accounts. The term “simple interest” has a well-established meaning. It means interest computed solely upon the prin *163 cipal. Vaughn v. Graham (Mo. App.) 121 S. W. (2d) 222, 226. Simple interest is statutory interest computed upon the principal sum. Hovey v. Edmison et al. (3 Dak. 449),22 N. W. 594, 599.
The term “compound interest” also has a well-established meaning. Compound interest is interest on interest and signifies the adding of growing interest of any sum to the sum itself and then the taking of interest on this accumulation. It is the charging of interest against a debtor upon a sum which has accrued as interest upon the principal debt or fund. An agreement turning interest after maturity into principal, bearing interest, and the allowance of interest upon the sum of both the principal and the accrued interest is not compounding interest, as that term-is generally understood and applied, but it is the payment of interest on interest money as the result of an agreement.
The stipulation for “simple interest” means that interest at the rate specified is to be paid only on one sum, or fund, and not upon a sum or fund made up of two or more elements, or parts, whereas the term “compound interest” denotes a sum, or fund, which is compounded or formed by the union of principal and accrued interest. The word “compound” is defined in the Century Dictionary as “composed of two or more elements, parts, or ingredients; not simple.” It seems clear that when Congress, in the Act of 1929, consented and stipulated to pay simple interest only it meant, and intended, that interest should be paid or credited only on the principal of the trust fund accounts carried on the books of the Treasury Department to the credit of various Indian tribes, on which interest was not being paid under existing law. There would otherwise have been no purpose in using the term “simple interest” in specifying the rate of 4 percent per annum to be paid on such funds. The fact that the plaintiff’s principal trust funds and the accrued interest funds were carried in separate accounts on the books of the Treasury does not change this situation, and plaintiff’s contention that it is not claiming compound interest but only simple interest on the interest-fund accounts, on the ground that these interest accounts *164 were also trust funds, cannot be sustained. These interest accounts were funds held by the defendant in trust for the plaintiff tribe, but we think it is clear that they were not trust-fund accounts, as that term was used and intended in the Act of 1929, on which payment ox interest veas authorized.
The legislative history of the 1929 Act shows tha*t Congress did not intend that it should be applied to trust funds made up solely of money previously credited as interest upon interest-bearing funds. The legislation related to payment of simple interest on the principal of non-interest-bearing trust funds of Indian tribes generally. The act was originally drafted and recommended by the Secretary of the Interior. In a letter transmitting the proposed bill to the Senate Committee on Indian Affairs, the Secretary stated as follows:
There is submitted herewith draft of a proposed bill to authorize the payment of interest on certain funds held in trust by the United States for various Indian tribes. As shown by accompanying statement, the Government is holding a large amount of money belonging to various tribes of Indians throughout the United States, no part of which is drawing any interest, and it is felt by this department that the Government, as guardian of the Indians, is not doing full justice to its wards by holding and using this money without compensation to them. It is conceded that there is no legal obligation to pay interest on these funds, but the fact that the Government has obligated itself to pay interest on other funds of similar origin would appear to constitute a moral obligation which is now only partially fulfilled. (See House Report 2320, 70th Cong., 2d Sess., Cong. Doc. 8979.)
The “accompanying statement” which was transmitted with the above-quoted letter was entitled “Statement of non-interest-bearing tribal funds in United States Treasury” and listed more than one hundred and thirty funds held for various Indian tribes, none of which was made up of money previously allowed as interest on the principal of interest-bearing funds.
For the reasons stated, we are of opinion that plaintiff is not entitled to recover interest at the rate of 4 percent per *165 annum upon the interest funds which the defendant held and carried on the books of the Treasury to the credit of plaintiff tribe.
The petition is therefore dismissed. It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.