### BYRD v. UNITED STATES.
### Civ. A. No. 6376.

United States District Court
N. D. Ohio, W. D.
March 14, 1952.

Lowell Goerlich, Toledo, Ohio, for plaintiff.

John J. Kane, Jr., U. S. Atty., Cleveland, Ohio, Gerald P. Openlander, Asst. U. S. Atty., Toledo, Ohio, for defendant.

KLOEB, District Judge.

On June 29, 1951, judgment was entered in this cause in favor of plaintiff as principal beneficiary of a National Service Life Insurance policy in the sum of $7,500.

On August 15, counsel for plaintiff filed a request with the Clerk of Courts to tax certain items as costs, including the following:

| | |
|---|---|
| Fees of the Clerk | $15.00 |
| Fees of the Marshal | 2.12 |
| Fees of witness Bohnengel | 150.00. |

Objection was filed by counsel for defendant to the taxation of costs and, on September 11, the Clerk sustained the objection as to the expert witness fee, reduced the same to the sum of $4, and announced that he would tax a sum total of $21.12 as costs. His entry recites the following: "Costs in cases in which the United States is the defendant must be restricted to the items shown in Sec. 2412. Under Sec. 2412(b), plaintiff is entitled only to taxation of amounts * * * actually incurred for witnesses and fees paid to the Clerk."

On September · 13, defendant filed objection to the taxation of the revised bill of costs "until such time as the Court has ruled upon the question herein presented".

Section 2412, Title 28 U.S.C.A., reads in part as follows:
"Costs
"(a) The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress.

"(b) In an action under subsection (a) of section 1346 or section 1491 of this title, if the United States puts in issue plaintiff's right to recover, the district court or Court of Claims may allow costs to the prevailing party from the time of joining such issue. Such costs shall include only those actually incurred for witnesses and fees paid to the clerk. * * *"

It will be noted that the taxation of costs is at the discretion of the Court.

The section was revised on June 25, 1948, and the reviser's note reads as follows:

"Based on Title 28 U.S.C., 1940 ed., §§ 258, 931(a), (Mar. 3, 1911, c. 231, § 152, 36 Stat. 1138; Aug. 2, 1946, c. 753, § 410 (a), 69 Stat. 843).

"Section consolidates the last sentence of section 931(a) of Title 28 U.S.C., 1940 ed., with section 258 of said Title 28. * * *"

Section 1346, referred to in the revised section 2412, reads in part as follows:

"United States as defendant

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

* * * * * *

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

There is no question but that the judgment entered was based upon an express contract with the United States, and the question at hand is whether or not the District Court may allow costs under the authority of Section 2412 and Section 1346 (a) (2).

It may be noted, in passing, that Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., reads as follows: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Defendant relies upon United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L. Ed. 887. On page 344 of 281 U.S., on page 293 of 50 S.Ct., we find the following:

"4. May costs be awarded generally against the United States, upon condition that they be paid from accumulated funds in the hands of the Veterans' Bureau, if any, available for that purpose?

"The rule is that, in the absence of a statute directly authorizing it, courts will not give judgment against the United States for costs or expenses. United States v. Chemical Foundation, 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131. There is no statute permitting costs to be awarded against the government in this case.

"The question should be answered in the negative."

This case was decided on April 14, 1930.

The Court is of the opinion, from the history of Section 2412 prior to the revision of 1948, that this section as revised was a consolidation and reenactment of the earlier provisions of the Tucker Act dealing with the question of costs. Therefore, when the Worley case was decided in 1930, that part of the opinion quoted above, and having reference to the taxation of costs, was rendered in the face of the identical provision of the Tucker Act as is now found in the 1948 revision of Section 2412.

The Court, therefore, is of the opinion that the Worley case is conclusive of the question here involved.

District Judge Connor, in the case of Prouty v. United States, D.C., 94 F.Supp. 320, at page 321, had before him a case against the United States brought under the War Risk Insurance Act of 1917, 40 Stat. 409, the World War Veterans' Act of 1924, as amended, 38 U.S.C.A. § 421 et seq., and the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq. Defendant had moved to strike the plaintiff's demand for a jury trial. The motion to strike was denied.

The Court said the following: "I am therefore constrained to reject the contention of the defendant that section 1346 of Title 28 U.S.C.A., in its summary of the district court's original jurisdiction concurrent with the court of claims, comprehends suits growing out of a disagreement as to a claim under a contract of insurance issued pursuant to the Act of 1940. Its enactment had as its objective consolidation and clarification of various prior enactments relating to jurisdiction of district courts, and does not purport to enlarge previously existing jurisdictional grants. Title 28 United States Code Congressional Service, 80th Congress, 2d Session, Revisor's Notes, section 1346, p. 1841."

The case before us was brought under the provisions of Sections 445 and 817 of Title 38 U.S.C.A.

There is no specific provision in these sections for the allowance of costs. The objection of the defendant is, therefore, sustained.

An order is drawn accordingly.