CITIZENS COMMITTEE FOR the
COLUMBIA RIVER et al.,
Plaintiffs-Appellants,

v.

Howard H. CALLAWAY, Secretary of the
Army, et al., Defendants-Appellees,

Port of Portland, a municipal corporation,
Intervenor-Defendant-Appellee.

Carl A. PETTERSON et al., Plaintiffs-
Appellants,

v.

Howard H. CALLAWAY, as Secretary of
the Army, et al., Defendants-
Appellees,

Port of Portland, a municipal corporation,
Intervenor-Defendant-Appellee.

Nos. 71–2052, 73–1417.

United States Court of Appeals,
Ninth Circuit.

March 26, 1974.

Marvin B. Durning (argued), of Cary, Durning, Prince & Smith, Seattle, Wash., for plaintiffs-appellants.

Larry G. Gutterridge (argued), Kent Frizzell, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Sidney I. Lezak,

U. S. Atty., Jack G. Collins, Asst. U. S. Atty., Portland, Or., for defendants-appellees.

Before DUNIWAY and GOODWIN, Circuit Judges, and KELLEHER,* District Judge.

## OPINION

DUNIWAY, Circuit Judge:

These cases, although filed at different times, seek essentially the same relief—a halt to the proposed enlargement of the Portland International Airport, which contemplated extensive dredging and filling in the Columbia River, and to the proposed construction of a portion of Interstate Highway 205 and the construction of a highway bridge over the Columbia River, insofar as the plans called for filling in the river and the use of certain islands in the river for the highway and bridge.

In No. 71–2052, the court held that the plaintiff organizations did not have standing to sue, and dismissed the action. Thereafter Action No. 73–1417 was filed, seeking substantially the same relief, but adding additional grounds for relief. The court held that the plaintiffs had standing to sue, and tried the case on the merits. It found for the defendants on all issues and entered a judgment accordingly.

This panel heard oral argument in No. 71–2052 at Portland on April 30, 1973, but deferred submission until argument could be heard in No. 73–1417. That case was argued before the same panel on March 14, 1974, at San Francisco, and both cases were submitted for decision on that date.

Before the argument could be heard in No. 73–1417, we were advised by the parties that the Port of Portland has formally withdrawn its plan to enlarge the airport, and as a result the Corps of Engineers has cancelled the permit that it had issued for the work to be done in the Columbia River. In addition, the plans for highway I–205 have been changed so that neither the highway nor the bridge will be built on filled land in the river. Both the Port and the Federal defendants concede that if the now abandoned plans were revived, in whole or in part, there would be a new situation, one in which it would be necessary to obtain a new permit, and to comply with the National Environmental Policy Act, and with all other applicable laws.

■ We are of the opinion that under the circumstances these actions are moot. Plaintiffs do not seriously argue otherwise, except as to one matter. A part of the islands in the river, the Government Island Game Refuge, was owned by the State of Oregon and managed by the Oregon State Game Commission. It had been acquired with federal assistance under the Pittman-Robertson Act, 16 U.S.C. § 669 (1960). After the Port of Portland conceived its airport expansion plan, the State sold the land to the Port, the proceeds to be used to buy other lands for the same use, as required by 50 CFR § 80.-5(b)(4). Plaintiffs complain that the sale was unlawful, and that title should be restored to the State. Otherwise they say, there would be an unlawful avoidance, as to this property, of the requirements of the Department of Transportation Act, § 4(f), 49 U.S.C. § 1653(f).

■ Because the Port's plans have never been implemented, the Oregon State Game Commission has continued to manage the lands in question, much as before they were sold to the Port, but the Port retains title.

The validity of the sale is a peripheral question in this case. It is raised as a basis for the plaintiffs' claim that the Department of the Interior's approval or comment to the Corps of Engineers, in connection with the proposed Corps permit to the Port, was invalid. As to that issue, the case is clearly moot.

---

* The Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

This is not a proper case in which to decide whether the Port's title to the Government Island Game Refuge is valid. The State of Oregon, which sold the land to the Port, is not a party to this action. The Department of Transportation concedes that, if future plans for I–205 or the bridge should impinge upon the Refuge, section 4(f) would be applicable. These actions should not be kept alive merely for the purpose of litigating the Game Refuge issue.

Plaintiffs have filed motions that they be awarded substantial attorneys' fees and expenses in these actions. They claim that their actions, although the trial judge ruled against them on every point, were "successful" in that they, and they alone, stopped the project to which the plaintiffs objected. We do not think that this is a proper case for such an award.

■ Such an award cannot be made against the United States even if plaintiffs had won the cases. United States v. Chemical Foundation, Inc., 1926, 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131; United States v. Worley, 1930, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887; Ewing v. Gardner, 1951, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968; United States v. Gila River Pima-Maricopa Indian Community, 9 Cir., 1968, 391 F.2d 53, 56–57. The Congress has not provided for an allowance of fees or expenses against the United States in cases such as these; 28 U.S.C. § 2412 is to the contrary. The only statute on which appellants rely is the Clean Air Act of 1970, § 304(d), 42 U.S.C. § 1857h–2(d). This, however, is not the type of action authorized by § 304.

■ As to the Port of Portland, the situation is different. There is no immunity for the Port. But we cannot say that this is the exceptional case in which we should deviate from the normal rule that one's attorneys' fees and expenses may not be recovered from the other party to an action, especially when the other party won the case. The Port's actions are as consistent with a firm and bona fide belief that it was at all times abiding by the law as they are with the plaintiffs' assertion that the Port contumaciously refused to do so. The change in the Port's plans is based upon changed circumstances relating to air traffic. Nor is it certain that plaintiffs have successfully enforced important statutes enacted to protect and benefit the public. The only judgment on the merits indicates that they have not.

The motion for attorney fees, costs, and related expenses is denied.

Each case is remanded to the district court with directions to vacate the judgment and to enter a judgment dismissing the action as moot.