812 F.2d 253
 In re ESTATE OF Roberto LEE, etc., Debtor.
Joseph M. HILL, Trustee of the Estate of Roberto Lee and
Park Place Apartments, A Partnership,
Plaintiffs-Appellees Cross-Appellants,
v.
NATIONAL FLOOD INSURANCE PROGRAM and Federal Emergency
Management Agency, Defendants-Appellants Cross-Appellees.
 No. 86-2346
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 March 17, 1987.
 Robert Darden, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., Michael Jay Singer, Asst. Director, Appellate Staff, Susan Sleater, Civ. Div., U.S. Dept. of Justice, Washington, D.C. for defendants-appellants cross-appellees.
 Stephen E. Ulrich, Houston, Tex., for plaintiffs-appellees cross-appellants.
 Appeals from the United States District Court for the Southern District of Texas.
 Before GEE, REAVLEY and JOLLY, Circuit Judges.
 E. GRADY JOLLY, Circuit Judge:
 In this appeal, the Director of the Federal Emergency Management Agency ("FEMA") challenges the district court's award of prejudgment interest and attorney fees to the appellees ("the Partnership"), the prevailing party in a suit against FEMA for the recovery of insurance proceeds under certain National Flood Insurance Program ("NFIP") policies. The Partnership cross-appeals the denial of consequential damages resulting from flood damage to its insured apartment complex and from FEMA's denial of coverage. We hold that (1) the district court erred in awarding prejudgment interest against FEMA; (2) it erred in awarding attorney fees under the Equal Access to Justice Act that were based on a contingency fee arrangement; and (3) the Partnership's cross-appeal for consequential damages has no merit.
 
 
 1
 * In 1980 the Partnership purchased flood insurance for its apartment complex from the NFIP, which is currently operated by the FEMA. On April 30, 1981, a flood damaged twenty-four apartment units in the complex. The Partnership immediately notified NFIP of its loss and filed claims for the damages. NFIP's insurance adjuster determined the amount of loss to be $175,317.08. The policies provided that claims were to be paid within sixty days of the receipt of proofs of loss, but FEMA made no payment until August 1981, when it made a partial payment of $75,000.
 
 
 2
 A second flood damaged the apartments on June 5, 1981. Again, the Partnership promptly notified NFIP of its claim and submitted proofs of loss totaling $87,890.41. FEMA neither investigated nor adjusted the June 5 loss, but, believing the claim to be fraudulent, refused to make any further payments to the Partnership.
 
 
 3
 The Partnership never repaired or rented the twenty-four damaged apartment units. Thereafter, the first lienholder foreclosed on the apartments and one of the partners, Roberto Lee, filed for bankruptcy.
 
 
 4
 On March 31, 1983, the Partnership and Lee's trustee in bankruptcy ("the trustee") filed a complaint in district court against FEMA and NFIP, seeking actual and consequential damages for FEMA's failure to pay losses under the NFIP policies. Pending the results of a grand jury investigation for fraud, the district court stayed action in the proceedings until March 22, 1985. A two-day bench trial followed, and the court held that FEMA failed to prove its defense of fraud. It denied the Partnership's claim for consequential damages but granted the claim for actual damages of $175,317.08 from the first flood and $87,890.41 from the second. The court reduced the award by the $75,000.00 partial payment that FEMA made to the Partnership in August 1981, making the total award $188,207.49. The court found as a fact that "the position of the United States ... was not substantially justified," and therefore awarded the Partnership attorney fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (1982 & Supp. III 1985). The bankruptcy court had previously approved a one-third contingency fee agreement between the bankrupt partner, Roberto Lee, and his attorneys. The district court therefore granted attorney fees in this action in the amount of one-third of the Partnership's recovery. Finally, the court awarded prejudgment interest to the Partnership at the rate of 7.85%.
 
 
 5
 FEMA now appeals the award of prejudgment interest and the amount of attorney fees awarded under the Equal Access to Justice Act. The Partnership cross-appeals for consequential damages.
 
 II
 A.
 
 6
 Relying on West v. Harris, 573 F.2d 873 (5th Cir.1978), cert. denied, 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979), the district court held that under federal law, prejudgment interest must be awarded to a prevailing plaintiff in a case under the National Flood Insurance Act of 1968, Sec. 1302 et seq., 42 U.S.C. Secs. 4001-4128 (1982 & Supp. III 1985) ("the Act"). In West, this court held that the private insurers who issued NFIP policies at that time were not protected by the government's sovereign immunity and therefore awarded prejudgment interest to the claimants. West, 573 F.2d at 882. When West was decided, the NFIP was operated under "Part A" of the Act, 42 U.S.C. Secs. 4051-56, which authorized an incorporated underwriting pool of private insurance companies to form the National Flood Insurance Association ("the Association"). The Association issued, marketed and serviced flood insurance policies under the Act. National Flood Insurers Ass'n v. Harris, 444 F.Supp. 969 (D.D.C.1977). These private insurers also adjusted and paid all flood insurance claims. 42 U.S.C. Sec. 4053. The United States Department of Housing and Urban Development ("HUD") entered an agreement with the Association regarding the amount of risk each insurer would bear, the maximum profit and the payment terms for operating costs. Id. Sec. 4052. Reviewing Part A of the Act, this court held that despite the federal government's financial stake in the flood insurance program, the Association was not "cloak[ed] ... with the robe of sovereign immunity from awards of any interest." West, 573 F.2d at 882. We therefore concluded in West that fair compensation to the prevailing plaintiff could only be achieved by awarding prejudgment interest on those policies issued under Part A of the Act. Id. at 883.
 
 
 7
 FEMA argues that West is not controlling in this case because the NFIP is no longer operated by private insurers. In 1976 the Secretary of HUD became dissatisfied with the Association's operation of the flood insurance program. National Flood Insurers, 444 F.Supp. at 970. Under the authority vested in the Secretary in "Part B" of the Act, 42 U.S.C. Secs. 4071-72, HUD took control of the program and assumed all operational responsibilities on January 1, 1978. Subsequently, the Director of FEMA took over HUD's duties under the flood insurance program. The Director of FEMA is required to "carry out the program of flood insurance authorized under [the Act] through the facilities of the Federal Government." Id. Sec. 4071(a). In doing so, however, the Director is authorized to use either federal employees or insurance companies and brokers as "fiscal agents." Id. Under Part B, the Director of FEMA now adjusts and pays the claims. In sum, under the current Part B program, FEMA has assumed the responsibilities that the Association formerly executed under Part A. We hold, therefore, that because of the government's increased role in the operation of the NFIP, a suit against the Director of FEMA for recovery on a national flood insurance policy issued under Part B of the Act is now a suit against the federal government. Kolner v. Director, Fed. Emer. Management, 547 F.Supp. 828, 830 (N.D.Ill.1982).
 
 B.
 
 8
 Having determined that the Partnership's suit for damages is a suit against the federal government, we must now decide whether the interest award was appropriate. As a general rule, in suits against the sovereign, the United States is not liable for interest unless the liability is imposed by statute or assumed by contract. United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887 (1930); R & R Farm Enterprises, Inc. v. Federal Crop Ins. Corp., 788 F.2d 1148 (5th Cir.1986). Because an award of interest against the government is a direct and costly charge on the public treasury, courts have a duty to carefully observe the express conditions defined by Congress before allowing such awards. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); R & R Farm, 788 F.2d at 1153-54. Although Part B provides a limited waiver of sovereign immunity that permits a claimant to sue the Director of FEMA in federal district court, 42 U.S.C. Sec. 4072, it does not provide for awards of prejudgment interest in favor of prevailing plaintiffs. The Act's limited waiver of sovereign immunity from suit cannot be construed as an express direction from Congress permitting interest awards on flood insurance claims. See R & R Farms, 788 F.2d at 1152-54 (Federal Crop Insurance Act's waiver of immunity to "sue and be sued" does not authorize interest awards on crop insurance claims).
 
 
 9
 Although it was appropriate to award interest on flood insurance policies issued by the private insurers under Part A of the Act, such an award, which would now be a direct charge on the public treasury, is no longer possible without express congressional consent. See, e.g., Worley, 281 U.S. at 341-42, 50 S.Ct. at 292-93 (absent express statutory authorization, the United States could not be charged with interest on war risk insurance payments to the beneficiary). Because the Act does not expressly authorize interest awards, the district court erred in granting the claim for prejudgment interest against FEMA, and we must reverse. Accord Kolner v. Director, Fed. Emer. Management, 1983 Fire & Casualty Cas. (CCH) 1129 (N.D.Ill. April 19, 1983).
 
 III
 
 10
 Finding that the government's position in the litigation "was not substantially justified," the district court ordered FEMA to pay attorney fees under the Equal Access to Justice Act ("the EAJA")[1] in the amount of one-third of the Partnership's recovery. The district court arrived at this amount because the Partnership and the trustee had agreed to a one-third contingency fee contract with their attorneys. The bankruptcy court had previously approved this agreement with respect to Lee's bankruptcy proceedings. The district court concluded that the one-third contingent fee was "fair and reasonable under the circumstances and consistent with the time, effort, skill and resources expended in prosecution of this claim."
 
 
 11
 In this appeal, FEMA does not argue that the district court erred in making an award but does contest the amount awarded. FEMA argues that under the EAJA, the highest permissible rate of fees that can be awarded is statutorily limited to $75 per hour and that no special factors exist in this case that would justify a higher fee. 28 U.S.C. Sec. 2412(d)(2)(A). Based on the 527 hours that the Partnership's attorneys submitted as their total hours worked, FEMA argues that the fee award could not have exceeded $39,402.50. Accordingly, FEMA asserts that the $62,000 awarded based on one-third of the appellees' recovery of $188,207.49 should be reduced by at least $23,000.00.
 
 
 12
 Although under the EAJA "a special factor, such as the limited availability of qualified attorneys," may justify a higher fee, 28 U.S.C. Sec. 2412(d)(2)(A)(ii), it is nonetheless clear that the $75 hourly rate is a statutory ceiling and not a floor. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir.1986). It does not appear on this record that any special factors exist to justify an award exceeding the statutory maximum rate. Indeed, apart from finding as a fact that the Partnership had entered a contingent fee agreement with its attorneys, the district court failed to discuss any exceptional circumstances upon which it based the award. The fact that the Partnership had contracted, of its own volition, to a contingent fee arrangement with its attorneys, is not a sufficient reason for deviating from the legal standard set by statute. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir.1974) (the court should not rely on the parties' contingency fee arrangement in determining a reasonable attorney fee award). We hold that the district court abused its discretion in awarding attorney fees under the EAJA in the amount of one-third of the recovery, and we therefore vacate this award and remand for a full reconsideration of the amount of the fee in accord with the statutory standard. See id. at 717, 720.
 
 IV
 
 13
 On cross-appeal, the Partnership argues that it is entitled to consequential damages for lost profits from apartment rentals in the amount of $296,000. The district court rejected this argument, holding that the policies covered only "direct loss by flood."
 
 
 14
 We agree. The policy unambiguously excludes coverage for consequential damages, stating that "compensation for loss resulting from interruption of business or manufacture" is not provided. The district court correctly interpreted the policy terms, and we affirm its denial of consequential damages.
 
 V
 
 15
 In conclusion, we reverse the district court's award of prejudgment interest against FEMA, and we affirm its denial of consequential damages. Finally, we vacate the attorney fee award and remand for reconsideration of the amount of attorney fees to be awarded in the light of this opinion and the standards defined in the statute. Accordingly, the judgment of the district court is
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 [1]
 The EAJA provides in pertinent part:
 (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 (B) A party seeking an award of fees and other expenses shall ... submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney ... stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
 ....
 (2) For the purposes of this subsection--
 (A) ... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee....
 28 U.S.C. Sec. 2412(d)(1)(A), (B), (2)(A)(ii) (Supp. III 1985).