**BARNES v. UNITED STATES et al.**

**Civ. A. No. 136.**

United States District Court
W. D. Pennsylvania.

Feb. 3, 1951.

542

Edward G. Petrillo, Erie, Pa., for plaintiff.

Edward C. Boyle, Acting United States Atty., and Irwin A. Swiss, Asst. United States Atty., Pittsburgh, Pa., for defendant United States of America.

Dwite H. Schaffner, Akron, Ohio, for defendant Clyde Edgar Warner.

K. V. Nicola, Cleveland, Ohio, for defendant K. V. Nicola, Guardian of Frances E. Warner.

Robert E. Sheck, Akron, Ohio, for defendants Robert E. Sheck, Gdn. of May Viola Warner, and Pearl A. Hinkle.

BURNS, District Judge.

1. Clyde A. Barnes, the insured, was born on August 31, 1923, the son of Clyde E. Warner, a defendant herein. The name of the insured at birth was Clyde Warner, Jr.

2. When Clyde A. Barnes was about one year old, he was placed in the custody of Stephen E. and Martha Barnes, with whom he lived thereafter. On July 20, 1942, the insured was formally adopted by said Martha Barnes. The adoption decree recited "that said child has been abandoned by his father", the "father" being a reference to defendant Clyde E. Warner. Stephen E. Barnes had died in 1936.

3. Plaintiff, Alice Mae Barnes, was born on September 2, 1920, her name at birth being Olga Kavanna. Martha Barnes also formally adopted plaintiff, the date of said adoption being October 11, 1943, at which time plaintiff assumed the name of Alice Mae Barnes.

4. The insured, Clyde A. Barnes, entered the United States Army in the latter part of November, 1943. On November 29, 1943, the insured applied for and was granted a $10,000.00 policy of National Service Life Insurance, identified by Certificate No. N–14,764,737.

5. In said policy, the insured designated his adopted mother, Martha Barnes, as the principal beneficiary, and his adopted sister, Alice Mae Barnes, as contingent beneficiary.

6. The insured paid premiums on the aforementioned policy up to and including the month of April, 1945, the month of his death. This insurance policy was in full force and effect when he died.

7. The adopted mother, Martha Barnes, died on February 24, 1945, when the insured was still alive.

8. The insured was killed in action in Germany on April 4, 1945.

9. On July 23 of the same year, plaintiff filed a claim for payment of the aforementioned insurance. In support thereof, she filed a certified copy of the record of her birth and other papers.

10. On September 6, 1945, the Veterans Administration notified plaintiff that her claim for the insurance proceeds was disallowed. The reason given for this decision was that the law required beneficiaries to be "at least of the half blood".

11. Defendant Clyde E. Warner, the natural father of insured, executed an application for the insurance benefits on April 22, 1946. On July 18, 1946, a payment was made to him in the amount of $528.55. Two subsequent payments were

also made, totaling $61.80. The total paid Clyde E. Warner was $590.35.

12. Similarly, payments totaling $1,333.52 were made to defendant Pearl A. Hinkle, natural sister of the insured, and $836.60 to defendant Robert E. Sheck as guardian for Mae Viola Warner, also a natural sister of the insured. All such payments were made subsequent to the date when plaintiff filed her formal claim for the proceeds of the insurance.

13. During the year of 1949, plaintiff, through the Department of Veterans Affairs, requested reconsideration of the 1946 decision. Her application was denied, because the time for appeal had expired. The Veterans Administration noted that plaintiff could "file suit in the appropriate United States District Court at any time within the period provided by the statute of limitations".

14. Defendant Clyde E. Warner has filed a cross-claim, in which he has demanded the remainder of the insurance proceeds from the United States of America. The United States of America has interpleaded the aforementioned defendant Clyde E. Warner, and also defendant K. V. Nicola as the guardian of the natural mother of the insured, defendant Robert E. Sheck as the guardian of Mae Viola Warner, and defendant Pearl A. Hinkle. The United States of America has requested allowance of the $2,760.47 which it paid to Clyde E. Warner, guardian Robert E. Sheck and Pearl A. Hinkle.

15. Clyde E. Warner has stipulated that he did not support the insured "for a number of years prior to the adoption."

### Conclusions of Law

1. This Court has jurisdiction of the subject matter of this action and of the parties.

2. At the time of the death of the insured, plaintiff, the adopted sister of the insured, was effectually the designated principal beneficiary, since the adopted mother of the insured had predeceased the insured.

3. Plaintiff, the designated contingent beneficiary of the said insurance policy, does come within the class of beneficiaries permitted by the National Service Life Insurance Act. Carpenter v. United States, 3 Cir., 1948, 168 F.2d 369, 3 A.L.R.2d 841, has settled that question in this District.

4. The United States of America is not entitled, under the provisions of Sec. 602(i) of the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 802(i), to a set-off against plaintiff of the $2,760.47 paid to the natural father and natural sisters of the insured because insured did designate a beneficiary who survived him.

5. The United States of America is not entitled, under the provisions of Sec. 602 (l) of the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 802(l), to a set-off of the $2,760.47 because the payments were not made to persons "represented by the insured" to be within the permitted class of beneficiaries.

6. Plaintiff is entitled to recover from the defendant, the United States of America, the benefits of the said policy. The rate of monthly installments thereunder are to be computed by the Veterans Administration in accordance with the terms of the policy and the regulations of the Veterans Administration.

7. As a reasonable attorney's fee, Edward G. Petrillo, Esq., of Erie, Pennsylvania, attorney for the plaintiff, is entitled to ten (10%) per cent of the aggregate sum of the installments which have accrued to plaintiff to date, and also ten (10%) per cent of any and all future installments which may hereafter be paid to the said plaintiff, by virtue of and pursuant to the judgment to be entered herein.

8. Plaintiff is not entitled to interest and costs. See U. S. v. Worley, 1930, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887.

In this case, trial by jury was waived, and the facts are not at issue. They are found as set forth in the accompanying findings of fact and conclusions of law.

Carpenter v. United States, 3 Cir., 168 F.2d 369, 3 A.L.R.2d 841 is binding upon this Court on the question whether an

adopted sister is within the permitted class of beneficiaries.

I can see no legal basis for penalizing plaintiff and granting the United States of America credit for the payments which it made erroneously to the blood relatives of the insured. In all instances, the payments were made long after plaintiff had made formal claim as designated beneficiary. The record is barren of any evidence indicating that plaintiff consented to such disposition of the insurance proceeds.