**Muriel MOSS, as Beneficiary and Administratrix and Barbara Groveman as Beneficiary of Abraham Turkeltaub, deceased, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 175, Docket 27799.**

United States Court of Appeals Second Circuit.

Argued Nov. 28, 1962.

Decided Dec. 26, 1962.

Sidney Szerlip, Brooklyn, N. Y., for plaintiffs-appellants.

Stanley F. Meltzer, Asst. U. S. Atty., E.D.N.Y., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and CLARK and KAUFMAN, Circuit Judges.

PER CURIAM.

■ Plaintiffs are the beneficiaries of a policy of United States Government

Life Insurance, taken out in 1947 by their father, a veteran of World War I. In 1950 he exercised his legal option, see 38 U.S.C. § 752, of directing that the proceeds of the policy be paid his beneficiaries in 240 equal monthly installments. After his death an issue arose as to whether or not the policy had lapsed, and the plaintiffs brought suit which led eventually to a consent judgment providing for the monthly payments as had been directed by the insured. The judgment also provided for payments of legal fees to their attorney, Sidney Szerlip, of 6 per cent of each payment made them. This appeal is from denial of their motion for immediate payment of the total fee of $593.78 in place of the installment payments of $3.40 per month—$1.70 from the share of each beneficiary—until March 13, 1979.

 We sympathize, indeed, with the attorney's predicament over these driblet payments, a predicament made more acute by his showing that he is now 80 years of age with a life expectancy far short of reaching the year 1979. But in view of the very explicit terms of the statute we see no way—any more than did the Veterans Administration and the court below—to extricate him from the difficulty. 38 U.S.C. § 784(g), providing for reasonable attorneys' fees in actions upon such policies, also states: "said fees not to exceed 10 per centum of the amount recovered and to be paid by the Veterans' Administration out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid." Congress has power to determine when and how payments from the United States Treasury shall be made, and we can see nothing unconstitutional in the statute, as the attorney claims. See Bradley v. United States, 10 Cir., 143 F.2d 573, 577, 578, cert. denied 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632; Barnes v. United States, D.C.W.D.Pa., 95 F.Supp. 541, 543; and Griffin v. United States, D.C.W.D.Ark., 115 F.Supp. 509, 519, reversed on other grounds, United States v. Griffin, 8 Cir., 216 F.2d 217, cert. de-

nied 348 U.S. 927, 75 S.Ct. 339, 99 L.Ed. 726. He is charged with knowledge of the statute, and need not have undertaken the assignment if he thought it too burdened by the statutory limitation. The fault, if any, was with the insured and original donor, who required the payments by way of installments.

Affirmed.