UNITED STATES v. HUNSICKER et al.  SAME v. JEEMS BAYOU HUNTING & FISHING CLUB et al.  SAME v. MASON et al.

(Circuit Court of Appeals, Fifth Circuit. April 1, 1924.)

Nos. 4208, 4209, 4216.

Costs ⊙ᴇᴼ174(2)—Clerk's commission for receiving and disbursing funds held taxable.

Under decrees condemning defendants to pay "all the costs of" suit, clerk's commission of 1 per cent. for receiving and disbursing amounts paid him by defendant is a proper item of cost to be taxed against defendant, in view of Rev. St. §§ 823, 828, and Act Feb. 26, 1919.

Appeals from the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

Suits by the United States against Henry Hunsicker and others, against Jeems Bayou Hunting & Fishing Club and others, and against Sam W. Mason and others. From a decree holding that the clerk's commission of 1 per cent. on amounts received and disbursed by him was not taxable as costs, complainant appeals. Decree reversed, and causes remanded for further proceedings.

See, also, 273 Fed. 135, 142; 274 Fed. 18.

Robert A. Hunter, Sp. Asst. Atty. Gen., for the United States.

Hampden Story and S. L. Herold, both of Shreveport, La. (Thigpen, Herold & Lee, of Shreveport, La., on the briefs), for appellees.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. The same question is presented for decision in each of these cases, which were argued together by counsel for the respective parties, and will be treated together in this opinion. The facts may be stated as follows:

August 4, 1919, decrees were entered by the District Court for the Western District of Louisiana, recognizing the United States as the owner of certain tracts of land in Caddo parish, and condemning the defendants to pay the United States certain sums of money, with interest, for oil taken from the lands. Each decree contained the following:

"That the said defendants be and they are hereby condemned and ordered to pay all the costs of this suit."

The accounting on which the decrees were based was made to January 1, 1918, and each decree directed an accounting for oil extracted from the lands after that date. As shown by the stipulation of counsel in the record, such accounting was satisfactorily made, and the results incorporated in amended decrees. Thereupon the defendants paid to the clerk of the District Court for said district the sums, with interest, as fixed by the decrees, but did not pay to the clerk the costs of the suits, because, in taxing the costs, the clerk included in said costs 1 per cent. as and for the commission for receiving and disbursing the amounts so paid to him by the several defendants under the decrees. Whereupon the United States filed rules to tax costs, including the commission to the clerk of 1 per cent.

The Texas Company answered the rule issued against it, and admitted that it had paid to the clerk the amount recovered in the decree against it, principal and interest, and alleged its willingness to pay and offered to pay all the costs of suit, except the 1 per cent. commission, and therein contended that the 1 per cent. commission was not an item taxable as cost against it. It was agreed that this answer should be deemed and considered as the answer of the defendants in the other cases.

Upon the trial of the rules it was admitted that the only issue was the right of the clerk to collect the commission of 1 per cent. on the amounts paid to him in satisfaction of the decrees, and upon this issue the trial judge found against the United States, and disallowed the commission of 1 per cent. as costs of suit, and entered his decree accordingly. An appeal to this court was then sued out by the United States, and error assigned on the failure of the trial judge to tax this 1 per cent. commission as proper costs of suit, to be paid by the defendants under the decrees condemning them to pay "all the costs of" suit. It is contended by counsel for the appellees that the 1 per cent. commission is not costs of suit for which the defendants are liable under the decrees, but intended as a remuneration to the clerk for "receiving, keeping and paying out money in pursuance of any statute or order of court."

There can be no doubt in this case that the sums of money received by the clerk in these cases were received by him pursuant to "orders of court." Section 823, R. S. (section 1375, Comp. Stats.), provides:

"The following and no other compensation shall be taxed and allowed to attorneys * * * in the courts of the United States, to * * *

clerks of the * * * District Courts, * * * except in cases otherwise expressly provided by law."

The section then provides that the section shall not be construed to limit attorneys from charging and receiving from their clients compensation "in addition to the taxable costs."

This would seem to indicate that the distinction between "fees" and "taxable costs" sought to be drawn by Judge Knapp in his dissenting opinion in United States v. Pennsylvania R. R. Co. (C. C. A.) 283 Fed. 937, was not in the contemplation of Congress in adopting the sections of the Revised Statutes. Section 828, R. S. (section 1383, Comp. Stats.), after detailing the fee allowed clerks for each service required to be performed by them in the progress of the cause, says:

"For receiving, keeping, and paying out money, in pursuance of * * * or order of court, one per centum on the amount so received, kept, and paid."

The latter portion of section 823 would seem to bear no other construction than that the fees allowed should be taxed as the costs in the case, and that the 1 per cent. allowed by statute shall be taxed as costs on such sums as shall be received by such clerk under an order of the court. This 1 per cent. becomes a taxable cost only where the clerk receives the amount pursuant to a statute or order of court. The case of Howard v. United States, 184 U. S. 676, 22 Sup. Ct. 543, 46 L. Ed. 754, decides that where a judgment debtor pays the amount of the judgment to the clerk, the clerk receives it as a court officer, making his bond responsible for its misappropriation, as unquestionably in the instant case, the appellees having paid their money in satisfaction of the decrees to the clerk, the 1 per cent. commission becomes taxable. By whom shall it be paid? Certainly not by the plaintiff, who is entitled to receive the full amount recovered in his judgment and such taxable costs as the statute allows him. If he was required to pay the 1 per cent. commission out of his recovery, the amount of such recovery would be reduced exactly 1 per cent., and this is not to be conceived to have been the intention of Congress in passing the fee bill and providing for the taxation of such costs in behalf of the prevailing party.

Section 1 of Act Feb. 26, 1919, c. 49 (section 1385a, Comp. Stats. Supp. 1919), placing clerks on salary, instead of fees, as was theretofore, does not change the status of the question at issue in these cases, for it provides:

"All fees and emoluments authorized by law to be paid to the clerks of the United States District Courts * * * shall be charged as heretofore and shall be collected * * * and paid into the Treasury of the United States."

See United States v. Pennsylvania, supra.

We therefore hold that the commission of 1 per cent. is a proper item of cost to be taxed against the defendants in these cases, and the decrees are reversed, and the said causes remanded for further proceedings not inconsistent with this opinion.