Mahlon C. MOHR, Plaintiff,

v.

UNITED STATES of America
Defendant.

Civ. A. No. 2036.

United States District Court
E. D. Virginia,
Norfolk Division.

Jan. 7, 1959.

P. A. Agelasto, Jr., Norfolk, Va., for plaintiff.

L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., for defendant.

HOFFMAN, District Judge.

Plaintiff, having successfully maintained his income tax refund action against defendant, was granted a judgment including his "taxable costs in the action expended". The Clerk proceeded to tax the costs, the items in controversy being as follows:

| | |
|---|---|
| Clerk—filing fee | $15.00 |
| Marshal—service of process | 2.00 |
| Marshal—summoning witnesses | 9.50 |
| Total | $26.50 |

On a motion to review the taxing of costs, defendant directs attention to Rule 54(d), Federal Rules of Civil Procedure, 28 U.S.C., providing that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs; *but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.*" Under 28 U.S.C. § 2412, it is stated:

"(a) The United States shall be liable for fees and costs only when such liability is expressly provided for by an Act of Congress.

"(b) In an action under subsection (a) of section 1346 or section 1491 of this title, if the United States puts in issue plaintiff's right to recover, the district court or Court of Claims may allow costs to the prevailing party from the time of joining such issue. Such costs shall include only those actually incurred for witnesses and fees paid to the clerk."

For many years the Government has paid the costs in question in all cases where judgments have been rendered in tax refund actions. It now asserts that the only costs recoverable are such as were incurred "from the time of joining such issue," and hence the prepaid filing fee of $15 to the Clerk and $2 paid to the Marshal for service of process are not allowable.

▀▀▀▀ It is, of course, fundamental that the Government is liable for fees and costs only when such liability is expressly provided for by Congress. Ewing v. Gardner, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968; United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887; Walling v. Norfolk Southern Ry. Co., 4 Cir., 162 F.2d 95. The immunity cannot be waived by the Attorney General or any government counsel. United States v. Chemical Foundation, 272 U.S. 1, 19, 20, 47 S.Ct. 1, 71 L.Ed. 131.

The interpretation of the court as to the phrase "from the time of joining such issue" apparently has been considered only in one reported case [1] wherein the court declined to pass upon the meaning of these words and decided the question presented on other grounds. In Moore's Federal Practice, Vol. 6, § 54.75, p. 1342, subsection (b) of § 2412 is referred to as a "niggardly" statute. There is, ad-

mittedly, little or no case law on the subject and we must, therefore, look to the history of the statute.

What is now 28 U.S.C.A. § 2412(b) was apparently first enacted as § 15 of the Tucker Act on March 3, 1887, 24 Stat. 508; it was re-enacted without change on March 3, 1911, 36 Stat. 1138; and thereafter insignificant changes were made in the Act of June 25, 1948, 62 Stat. 973, at which time the Judicial Code was substantially revised. When the Tucker Act was first enacted the Clerks of United States Courts were on a fee basis with a statutory schedule of required payments for each service performed. 43 Stat. 857. The fee system remained in effect, subject to modifications, until the Act of September 27, 1944, 58 Stat. 743, 28 U.S.C.A. § 549 [*] at which time the new law substituted the sum of $15 "as fees of the clerk for all services to be performed by him in such case or proceeding * * *." The initial fee of $15 is, of course, collected from the plaintiff in the action. Prior to 1944, a filing fee of $5 was paid by the plaintiff at the time the suit was commenced. When the answer or other paper joining issue was filed by the defendant, the additional sum of $5 was paid *by the defendant*. Finally, upon entry of any judgment, decree, or final order of the court, an additional fee of $5 was collected from the *prevailing party* to the litigation. Thus it follows that, prior to 1944, 43 Stat. 857, and under the strict construction of what is now § 2412(b), the only costs recoverable in a tax refund suit would be such items as were incurred if the Government contested the action by filing "an answer or other paper joining issue" and if the plaintiff ultimately prevailed. This enabled the Government to determine the merits of the plaintiff's claim and, in its judgment, pay the claim prior to issue being joined. Since 1944 no additional fees [2] are paid to the clerk after the ini-

---

1. Asher v. United States, D.C., 28 F.Supp. 893, affirmed sub nom. United States v. Asher, 9 Cir., 111 F.2d 59.

[*] Now 28 U.S.C.A. § 1914.

2. The clerk may demand other fees for miscellaneous services as approved by the Judicial Conference of the United States. 28 U.S.C.A. § 1914(b).

tial payment of $15, and the construction now urged by the Government would render the last sentence of § 2412(b) ineffective as to costs other than those incurred for witnesses. The effect of the Government's contention, if upheld, would deny the successful litigant the right to recover any clerk's fees as taxable costs. What, then, is the meaning of the latter portion of § 2412(b) which provides:

> "Such costs shall include only those actually incurred for witnesses and fees paid to the clerk."

In Werfel v. United States, D.C., 83 F.Supp. 507, 510, an action under the Tucker Act, costs were allowed in the amount "actually incurred for witnesses, and for summoning the same, and fees paid to the clerk of the court." As this suit was instituted subsequent to the 1944 Act, it is authority for the allowance of the item of $15 paid to the clerk, although admittedly there is no discussion of the particular issue now raised by the Government.

United States v. Jacobs, 5 Cir., 63 F.2d 326, and Conners Marine Co. v. Petterson Lighterage & Tow. Corp., 2 Cir., 152 F.2d 657, hold that the language of what is now § 2412(b) (formerly 28 U.S.C. § 258) does not cover appeals. See United States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746, also holding what was then § 258 applicable to suits in district courts.

If § 2412(b) is inapplicable as to any appeal, and if the Government is correct in urging that no costs paid to the clerk may be taxed other than those incurred "from the time of joining such issue," the words "and fees paid to the clerk" as contained in the final sentence of § 2412(b) could be eliminated entirely. This Court cannot believe that Congress had such an intention, and accordingly the item of $15 paid to the clerk upon institution of the suit is properly taxable.

As to the item of $9.50 paid to the Marshal to require the attendance of witnesses, this is clearly recoverable under § 2412(b). The Court is unable to find any authority justifying the taxation of costs paid to the Marshal in connection with the service of process and, while the amount is insignificant, this item should be eliminated in the retaxing of the costs herein. The provisions of 28 U.S.C. §§ 1920, 1921, do not warrant the inclusion of this item where the United States is the party assessable with such costs. However, in an action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), the cost of serving the process would be properly assessable under 28 U.S.C. § 2412(c).