**GEORG JENSEN, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
April 16, 1959.

Kelley, Drye, Newhall & Maginnes, New York City, for plaintiff, John J. Costello and John J. Loflin, Jr., New York City, of counsel.

Arthur H. Christy, U. S. Atty., Southern Dist. of New York, New York City, for defendant, Marguerite R. de Smet, Asst. U. S. Atty., New York City, of counsel.

PALMIERI, District Judge.

These are cross-motions for summary judgment upon stipulated facts, in an action to recover Documentary Stamp Taxes alleged to have been wrongfully collected by the defendant.

The facts relate to the purchase of real estate by the corporate plaintiff. On March 26, 1946, the plaintiff became the owner of premises in New York City known as 680–684 Fifth Avenue as a result of a series of transactions which were initiated on March 14, 1946 by a contract of purchase between the owner of the property and Frederik Lunning, the President of the plaintiff. Lunning's interest in the purchase contract was assigned to one John T. Javasile on March 22, 1946. The premises were conveyed to the latter, subject to a mortgage, on March 26, 1946. Personal liability, expressly limited to Javasile, was assumed by him pursuant to the provisions of the bond and mortgage instrument executed the same day. A conveyance by Javasile to the plaintiff was effected by deed, which was also executed the same day, March 26, 1946. This conveyance was subject to the mortgage. It

is clear that Lunning and Javasile acted in plaintiff's behalf and that neither intended to purchase the property in his own right. The architecture of these integrated transactions was effectively contrived to effect a transfer of ownership of the property from the owner-mortgagee to the plaintiff, so as to permit the premises to remain as security for the mortgage debt, without, however, permitting any recourse to other assets of the plaintiff in the event of default and foreclosure under the mortgage. Ownership and control of the property have remained vested in the plaintiff at all times since it acquired title on March 26, 1946.

In 1950 and in 1952, plaintiff made agreements with the mortgagee, the former owner, extending the time for payment of the principal indebtedness of the bond. Documentary tax stamps were affixed to each of these agreements in the sum of $1,870. These are the taxes plaintiff now seeks to recover, its claims for refund having been disallowed.

■ In my opinion, the taxes were properly collected pursuant to Int. Rev. Code, § 1801 (1939),[1] and should not be refunded. The extension agreements whereby the plaintiff corporation secured additional time to pay the principal indebtedness of the bond, secured by the mortgage on its property, were corporate obligations requiring documentary stamps. Central States Life Ins. Co. v. Sheehan, 8 Cir., 1941, 117 F.2d 46; cf. Columbus Circle Arcade Co. v. Pedrick, D.C.S.D.N.Y.1953, 111 F.Supp. 59. See also, Rev. Rul. 55–97, 1955–1 Cum. Bull. 512. Nor does the holding of the Supreme Court in United States v. Leslie Salt Co., 1956, 350 U.S. 383, 76 S.Ct. 416, 100 L.Ed. 441 require a different result, as plaintiff argues. The question there at issue was whether certain corporate obligations were notes, in which case no tax would be due, or "bonds, debentures, or certificates of indebtedness," in which case the tax would have been due. The issue here present, whether the obligations were "issued by any corporation," was not present in Leslie Salt.

■■ Plaintiff also argues that the obligation of March 26, 1946, was not a bond; and that the extensions of 1950 and 1952 were not, therefore, renewals of a bond. But these taxes are based "not upon the nature of the transaction involved, but upon the character of the instruments employed." Leslie Salt Corp. v. United States, supra, 350 U.S. at page 396, 76 S.Ct. at page 423. The bond here involved falls squarely within the statute. The instrument in question is a bond and was so denominated by the parties, including the corporate plaintiff which secured the extension of its terms. The instrument in question is in the form generally used in New York in mortgage bond transactions. The Treasury Regulations, which have been in force for many years, expressly apply to such an instrument.[2] The fact that a note might have been used instead of a bond is, of course, irrelevant. Founders General Corp. v. Hoey, 1937, 300 U.S. 268, 275, 57 S.Ct. 457, 81 L.Ed. 639.

The defendant's motion for summary judgment is granted. The plaintiff's motion for summary judgment is denied.

So ordered.

---

1. Section 1801 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 1801, as far as is here pertinent, reads as follows:

"On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 11 cents: *Provided*, That every renewal of the foregoing shall be taxed as a new issue * * *."

2. U.S.Treas.Reg. 71, § 113.55 (1941) states as follows:

"§ 113.55 *Issues subject to tax.* Ordinarily, a corporate instrument styled a bond, debenture, or certificate of indebtedness is subject to the tax * * *
*     *     *     *     *
"The following are examples of corporate instruments taxable upon issue:

"(a) A bond accompanying a real estate mortgage."