**UNITED STATES of America,
Appellant,**

v.

**Mahlon C. MOHR, Appellee.
No. 7908.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 16, 1959.

Decided Feb. 5, 1960.

Rita E. Hauser, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Howard A. Heffron, Attorneys, Department of Justice, Washington, D. C., and John M. Hollis, U. S. Atty., Norfolk, Va., on brief), for appellant.

P. A. Agelasto, Jr., Norfolk, Va., for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

This case relates to the taxing of costs against the United States in a tax refund action. While the sum involved is small, the point raised is not without interest. The issue here is whether the $15 filing fee, paid by the taxpayer to the court clerk at the institution of a suit for the refund of federal income taxes, is allow-

able as a cost against the United States under 28 U.S.C.A. § 2412. The Government contested the taxpayer's right to the refund, and the taxpayer prevailed on the merits, obtaining judgment for $6,890.77 plus interest and costs. The costs taxed by the clerk included the $15 filing fee paid by the taxpayer. Upon the Government's motion to review this action of the clerk, the District Court for the Eastern District of Virginia held that the $15 item was properly included in the taxable costs, and the Government now appeals.

It is clear that the United States is liable for fees and costs only when Congress has expressly so provided. See: 28 U.S.C.A. § 2412(a); Rule 54(d), Federal Rules of Civil Procedure, 28 U.S.C.A.; Ewing v. Gardner, 1951, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968. The authorization to tax the United States with costs is found in 28 U.S.C.A. § 2412(b) which provides:

"In an action under subsection (a) of section 1346 or section 1491 of this title, if the United States puts in issue plaintiff's right to recover, the district court or Court of Claims may allow costs to the prevailing party *from the time of joining such issue.* Such costs shall include only those actually incurred for witnesses and *fees paid to the clerk.*" (Emphasis supplied).

The District Court was of the opinion that a conflict existed between the two parts of the statute, reasoning that the last sentence indicates that the Government should pay the clerk's fees, yet the clerk's filing fee is paid before and not "from" the joining of issue. Reviewing the history of section 2412(b), the court pointed out that before 1944, there would have been no conflict in the statute, as until that date the initial fee paid upon institution of suit was $5.00, and additional fees were paid by plaintiff or defendant as each particular service was performed. In 1944, however, 28 U.S.C.A. § 1914(a) was passed, providing that $15.00 should be paid the clerk on institution of the action. The court also was under the impression that: "For many years the Government has paid the costs in question in all cases where judgments have been rendered in tax refund actions." [168 F.Supp. 735] The District Court concluded that Congress intended that the Government should pay the clerk's fees, and that to uphold the Government's contention would render meaningless the provision in the statute including such fees among the taxable costs against the United States.

The District Judge noted, and both parties agree, that there are no cases directly in point, and this case is the first where the issue is clearly presented for decision. The taxpayer cites Werfel v. United States, D.C.S.D.N.Y.1948, 83 F.Supp. 507, where the court apparently allowed the clerk's filing fee as a part of the taxable costs against the Government under section 2412. However, in that case there is no discussion of the issue, and it does not appear that the Government challenged the inclusion of the filing fee as a cost taxable against the United States.

The Government relies upon Lichter Foundation, Inc. v. Welch, 6 Cir., 1959, 269 F.2d 142, decided after the District Court's decision in the present case. The issue there was whether a tax refund suit against the District Director was the same as a refund suit against the United States for the purpose of taxing costs, and it was held that it was not, and that therefore in an action against the District Director costs were not limited by section 2412(b). The Sixth Circuit expressly recognized that if the suit were against the United States, instead of the District Director, the $15.00 filing fee would not be allowable as a cost against the United States. It is true that this is dictum, and it may be that the issue of the proper interpretation of section 2412(b) was not directly raised; but the view of the court is entitled to respect.

■■ While we agree that all costs in an income tax refund suit, in which the taxpayer prevails, ought in fairness to be paid by the Government, the lan-

guage of the statute precludes a construction allowing the initial filing fee, because the statute is limited to costs "from the joining of such issue." If the subsequently enacted statute of 1944, 28 U.S.C.A. § 1914(a), providing that the clerk's $15 fee should be paid prior to the joining of issue, actually did render section 2412(b) internally inconsistent, then perhaps we could agree with the decision below. Although section 2412 (b) may indicate somewhat divergent purposes, the statute is not logically inconsistent. Since it specifically provides that costs may be taxed against the United States "from the time of joining of such issue," and the filing fee is paid before issue is joined, it does not permit this item to be taxed against the United States. The statute goes on to specify that of the costs after joining of issue, only those incurred for witnesses and clerk's fees may be included. If in some cases, like the one before us, there are no clerk's fees in this allowable category, the statute is not thereby rendered inconsistent. A court may not enlarge the congressionally prescribed category. Moreover, while it is true that the $15 filing fee covers most of the clerk's services, there may be additional fees payable to the clerk after joining of issue as prescribed by the Judicial Conference of the United States under 28 U.S.C.A. § 1914(b). Such fees include those for filing and indexing of papers, making copies of papers, photographic reproduction of documents, and mailing of notices in bankruptcy.

 If the court below had been correct in its observation that a uniform administrative practice has existed under which the Government has been paying the initial filing fee in all tax refund cases decided in favor of the taxpayer, then a different question would be presented, although even a uniform administrative interpretation could not override an explicit statutory provision, and would be available only to resolve an ambiguity. There may indeed have been such a practice in the Eastern District of Virginia. However, the Administrative Office of the United States Courts has undertaken a survey of various District Court Clerk's offices, and it is indicated that the practice has been anything but uniform throughout the country. Of the clerks in twelve courts in major cities over the nation, seven either have not or would not allow the $15 filing fee, while only five would. Uniformity, if pertinent at all, would need to be general, not confined to a few districts.

In any event, since the wording of the statute makes it clear that the $15 clerk's fee, being paid before joining of issue, is not allowable as a taxable cost, the decision below must be reversed. This result is particularly regretable in the present case because the successful taxpayer, having been awarded the $15, has incurred a much larger expense in defending it on this appeal, but the remedy is for Congress, not the courts, to provide.

Reversed and remanded for passage of an order not inconsistent with the above opinion.