**GEORG JENSEN, INC., Plaintiff,**
v.
**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
July 6, 1960.

Kelley, Drye, Newhall & Maginnes by John J. Loflin, Jr., New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., S.D.N.Y. New York City, for defendant.

EDELSTEIN, District Judge.

These are two motions pursuant to Rule 54(d), F.R.C.P., 28 U.S.C., to review the actions of the clerk in taxing costs.

The underlying cause herein was a suit to recover $3,740 for documentary stamp taxes paid by plaintiff. Jurisdiction of the district court was founded upon 28 U.S.C. § 1346(a) (1). On cross-motions for summary judgment based on stipulated facts, judgment was granted for defendant. D.C., 173 F.Supp. 762. The Court of Appeals reversed, and ordered that judgment be entered for plaintiff. Georg Jensen, Inc. v. United States, 2 Cir., 275 F.2d 386.

Plaintiff's bill of costs, presented to the clerk, consisted of three items. 1) Fees of the Clerk—$15; 2) Docket fees under 28 U.S.C. § 1923—$20; and 3) Notice of Appeal—$5. At a hearing before the Clerk, defendant objected to the first two items. The Clerk sustained defendant's objection as to the fees of the Clerk and overruled the objection as to docket fees. Defendant moves to have the docket fees disallowed and plaintiff moves to have the filing fees restored.

Costs are generally allowed to the prevailing party, but when the United States is the unsuccessful litigant, costs may not be imposed in the absence of express statutory authorization. Rule 54(d),[1] F.R.C.P.; 28 U.S.C. § 2412(a).[2] The authorization relevant to this case is found in 28 U.S.C. § 2412(b).[3]

---

1. Rule 54(d) provides: "Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

2. "§ 2412. Costs. (a) The United States shall be liable for fees and costs only

when such liability is expressly provided for by Act of Congress."

3. § 2412 (b) provides: "(b) In an action under subsection (a) of section 1346 or section 1491 of this title, if the United States puts in issue plaintiff's right to recover, the district court or Court of Claims may allow costs to the prevailing party *from the time of joining such issue.* Such costs shall include only those actually incurred for witnesses and *fees paid to the clerk.*" (emphasis added.) Section 1346(a) referred to in § 2412(b) is the so-called Tucker Act jurisdiction over tax refund suits.

### The $15 Filing Fee

 In arguing for the restoration of the filing fee, plaintiff relies on Mohr v. United States, D.C.E.D.Va., 168 F. Supp. 734, a case directly in point. Discussion of that decision is unnecessary in light of its reversal by the Court of Appeals for the Fourth Circuit. United States v. Mohr, 4 Cir., 274 F.2d 803. We adopt that well reasoned opinion here. See also Lichter Foundation, Inc. v. Welch, 6 Cir., 269 F.2d 142, 144 (dictum).

### The $20 Attorney's Docket Fee Under 28 U.S.C. § 1923 [4]

The clerk overruled defendant's objection and taxed the docket fee against the United States. The United States Attorney correctly contends that since these fees are paid directly to the prevailing party's attorney and are not collected by the clerk, taxation of this fee against the United States is barred by the last sentence of § 2412(b).

Although no case has been found applying § 2412(b) to docket fees, this Circuit has disallowed docket fees under § 2412(c).[5] North Atlantic & Gulf SS Co. v. United States, 2 Cir., 209 F.2d 487; McConville v. United States, 2 Cir., 197 F.2d 680. Section 2412(b), which controls this case, is even more restrictive than § 2412(c).

Plaintiff argues that the court has discretion to award docket fees under § 1923 and that this discretion ought not to be exercised to further limit plaintiff's recovery. The court's discretion, derived from the word "may" in § 1923, only arises once the court has power to award a particular item of costs. The last sentence of § 2412(b) speaks in mandatory terms and limits the items which may be taxed against the United States. Since the docket fees in issue here are excluded by § 2412(b), the question of discretion is never reached.

The rule is clear that "in order to subject the sovereign to liability for court costs, there must be clear and unequivocal statutory authorization. Such authorization is not to be inferred, however tempting the inference may be. It must be plainly spelled out." Aycrigg v. United States, D.C.N.D.Cal., 124 F. Supp. 416, 417. That the statute in question, § 2412(b), is restrictive is equally clear. But "the remedy is for Congress, not the courts, to provide." United States v. Mohr, 4 Cir., 274 F.2d 803, 805.

The motion of the United States to have the $20 docket fees disallowed is granted. The motion of the plaintiff to restore the $15 filing fee is denied.

---

4. § 1923 provides in part: "(a) Attorney's and proctor's docket fees in courts of the United States may be taxed as follows: $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal or admiralty cases * * *."

5. § 2412(c) provides: "(c) In an action under subsection (b) of section 1346 of this title, * * * costs shall not include attorneys' fees."