Joseph T. REGINA and Virginia Regina,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 60–707.

United States District Court
W. D. Pennsylvania.

June 12, 1962.

Order of June 8, 1962 Amended
July 5, 1962.

Edwin J. Martin, Pittsburgh, Pa., for plaintiffs.

David G. Hill, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

This matter arises on Motion of the Government as defendant to dismiss the action of the plaintiffs upon tender by the defendant to the plaintiffs of the monies demanded in the complaint and further to dismiss the defendant's counterclaim.

At a conference by this court with Counsel on January 11th, 1962, the defendant stated that a letter had gone forward to the plaintiffs setting forth the Government's action of refunding the money demanded by the plaintiffs. A written Motion followed for allowance to dismiss the action upon payment of the money demanded in the complaint. At the argument on the motion, plaintiffs objected to the same on the theory, that unless all of their expenses were reimbursed, they would suffer a loss by reason of such dismissal of the complaint and counterclaim. Counsel were directed to file briefs.

In the plaintiffs' brief, another contention was added to that of reimbursement and that was that the court should not permit a dismissal at all, but proceed to trial to establish the valuation of the stock in question. The complaint as filed, seeks to recover back the sum of "$2,-310.50 for income taxes erroneously assessed and collected by the defendant under the Internal Revenue Law and paid by plaintiffs to defendant on April 19, 1960".

For the year 1958, the plaintiffs filed a timely joint income tax return showing an overpayment of $53.90. This was refunded. On March 23, 1960, the District Director of Internal Revenue at Pittsburgh proposed a deficiency assessment of $2,310.50. The plaintiffs paid the proposed deficiency on April 20, 1960, prior to actual assessments and filed claim for refund of this amount on May 3, 1960. Suit was entered for recovery of the amount on November 3, 1960. The District Director of Internal Revenue, on December 23, 1960, assessed plaintiffs interest in the amount of $140.52. On January 23, 1961, the defendant filed a counterclaim against the plaintiffs.

The conflict exists entirely upon the valuation of fifteen (15) shares of stock of Jefferson Memorial Park, Inc., the exchanging corporation, to be dissolved, held by one of the plaintiffs out of 2,000 shares outstanding of $100.00 par common stock owned by approximately twenty-one (21) stockholders. The total as-

sets of the corporation were close to $2,000,000.00. This stock, as a profit corporation, was exchanged for stock of Forest Lawn Gardens, Inc., a non-profit corporation, with assets in 1958 of approximately $190,000.00.

We are not concerned here with the merits of valuation or assessment. The questions as raised are simply:

(1) Should the Government be permitted to make payment of the amount of money which it tenders and for which the plaintiffs ask in their complaint, and further be permitted to withdraw its counterclaim and have the action against it dismissed; and

(2) Should or could the Government be taxed with expenses demanded and costs?

In the plaintiffs' brief, as filed and at oral argument on the motion, the plaintiffs, in effect, conceded that the Government could not be impressed with such burdens as a direct measure. It was suggested that this be done on a conditional basis. The plaintiffs suggested that the matter proceed to hearing and that witnesses be heard, and so in accordance with provisions in 28 U.S.C.A. § 2412(b), the witness fees would be taxed by the Clerk and the Government be made responsible for payment.[1] There was, in addition, the suggestion that the Government be compelled to pay expenses which include not only that of the witnesses as accountants, but Counsel fees occasioned by the plaintiffs and others.

All these suggestions are based on highly erroneous premises. The plaintiffs' assessment is $2,310.50 and is one of 21 taxpayers who were assessed taxes ranging from $276.72 to $304,497.18, for a total assessment of $585,276.81. It would, therefore, appear quite obvious that the plaintiffs' proportionate contribution to any expenses would be empty of meaning.

Calculated on the total percent ratio makes this an insignificant amount which the plaintiffs would be obligated to pay, if indeed they are. So the incurrence of the expenses was not actually for the plaintiffs, but for the other taxpayers who will have the opportunity to avail themselves of the benefits at the proper time. To saddle the Government with 20 such taxpayers in this case would be absurd. These 20 other taxpayers in this case are not parties of record and will have their day in court. They have no direct interest in this matter, nor can they, even by common counsel, further their interests in this case. With the Government's willingness to pay the amount claimed in. the complaint and further willingness to withdraw the counterclaim, the plaintiffs can gain nothing by judgment which they do not have by the granting of the Motion to Dismiss. The matter is simply moot and requires nothing that can give anyone any rights or equities to proceed further. Accordingly, the motion of the Government as defendant will be granted subject to the payment of costs by the Clerk of Courts. A separate order consistent with this opinion will be filed.

## ORDER OF COURT

AND NOW, TO-WIT, this 8th day of June, 1962, for the reasons mentioned in the foregoing Opinion, the motion of the defendant to dismiss the Complaint and Counterclaim is granted with prejudice, the defendant, however, to pay the costs recorded by the Clerk.

## AMENDED ORDER OF COURT

AND NOW, TO-WIT, this 5th day of July, 1962, in consideration of the decision in United States v. Mohr, 274 F. 2d 803 (C.A. 4, 1960), the order in the above entitled case dated June 8th, 1962, is hereby amended to have each party bear its own costs.

---

1. "§ 2412—Costs  *  *  *
   "(b) In an action under subsection (a) of Section 1346 or section 1491 of this title, if the United States puts in issue plaintiff's right to recover, the dis-
   trict court or Court of Claims may allow costs to the prevailing party from the time of joining such issue. Such costs shall include only those actually incurred for witnesses and fees paid to the clerk."